MOSLER SAFE AND LOCK COMPANY *v.* MOSLER.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

No. 248. Argued April 24, 25, 1888. — Decided May 14, 1888.

Claims 1 and 2 of letters patent No. 281,640 granted to Moses Mosler, July 17, 1883, for an improvement in fire-proof safes, namely, " 1. An angle bar for safe-frames, consisting substantially as before set forth, of a right-angled iron bar, one of the sides of which is cut away, leaving a curve facing the uncut side, whereby said uncut side may be bent to bear upon said curve to form a rounded corner. 2. An angle bar for safe-frames, consisting, substantially as before set forth, of a right-angled

iron bar, one of the sides of which is cut away, with curved cuts meeting a right-angled cut, whereby the uncut side may be bent to form rounded corners," and the claim of letters patent No. 283,136 granted to Moses Mosler, August 14, 1883, for an improvement in bending angle irons, namely, " The herein described process of bending angle irons, which consists in cutting away a portion of one web by a cut which severs the two webs at their junction, for a distance equal to the arc of the corner to be bent; and removes sufficient of metal in front of the single part of the uncut web to permit the same to bend to the desired angle and to insure the edges of the opening meeting to form a close joint as the bar is bent, substantially as shown and described," are invalid.

After a patent is granted for an article described as made by causing it to pass through a certain method of operation to produce it, the inventor cannot afterwards, on an independent application, secure a patent for the method or process of producing the identical article covered by the previous patent, which article was described in that patent as produced by the method or process sought to be covered by taking out the second patent.

The claim of letters patent No. 273,585 granted to Moses Mosler, March 6, 1883, for an improvement in fire-proof safes, being for the combination, in a fire-proof safe, of the frames, the sheet metal cover, bent around the top sides and lower corners, with projecting metal bars, and removable bottom plate, substantially as described, and claim 3 of letters patent No. 281,640, granted to Moses Mosler, July 17, 1883, for an improvement in fire-proof safes, namely, " 3. In a safe, the combination of the front and back frames, formed of single bent angle bars, having one side cut away to leave curved ends, upon which the uncut side is bent to form rounded corners, and a metal sheet, E, bent around and secured to said frames to form the top end sides of the safe, substantially as described," are invalid.

BILL IN EQUITY for the infringement of letters patent. Decree dismissing the bill. Complainant appealed. The case is stated in the opinion.

*Mr. George J. Murray* for appellant.

*Mr. James Moore* for appellees.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit in equity, brought in the Circuit Court of the United States for the Southern District of Ohio, by the Mosler Safe and Lock Company, an Ohio corporation, against Mosler,

Bahmann and Company, another Ohio corporation, for the infringement of three letters patent of the United States, each of them granted to Moses Mosler, namely, No. 273,585, March 6, 1883, for an improvement in fire-proof safes, on an application filed February 5, 1883; No. 281,640, July 17, 1883, for an improvement in fire-proof safes, on an application filed December 27, 1881; and No. 283,136, August 14, 1883, for an improvement in bending angle irons, on an application filed December 11, 1882.

The answer denies that any one of the three patents shows any invention, and also denies that Mosler was the first and original inventor, or an inventor at all, of the alleged inventions which the patents purport to secure, or of any of them, and also denies that any one of the inventions has any utility. It also denies infringement, and sets up various references on the question of novelty, in regard to all three of the patents.

A replication was put in, and proofs were taken by both parties, and, on a hearing, the court dismissed the bill on the merits; its opinion, which accompanies the record, being reported in 22 Fed. Rep. 901. That opinion sets forth sufficiently the nature of the inventions covered by the three patents, and the contents of the specifications and claims, and we adopt its statement, as follows:

"1. No. 273,585; application filed February 5, 1883; letters dated March 6, 1883. The object of this invention, as stated in the specification, is to provide an improved means of constructing the outer casing, so that the safe may be filled from the bottom. The front and back frames of the safe are formed from angle bars, which have one side cut away, where the bends of the corners are to be made, and the uncut side bent around to close the joint in the corner, and form a frame with its outer corners rounded. The meeting joint at the bottom of the frame is overlapped by a short angle piece, which is screwed or riveted to the frame, uniting the joint. A sheet-metal cover is bent around the top sides and around the lower rounded corners of the frames. Upon each edge of this cover, at the bottom of the safe and between the angle frames, are secured metal bars, which project beyond the edges of the

cover to form rests for the bottom plate. The safe is made with the customary sheet-metal box forming the interior receptacle and secured to the cast-metal door frame in the usual manner. The top of the caster frame conforms to the curve of the rounded corners, and, after the bottom plate is pushed into its place, the inner bolts which secure the caster frames pass through the bottom plate which they secure and the angle frames. The patentee does not claim the bent angle frames nor the safe composed of these frames and the sheet-metal cover bent around them, (the same being shown and claimed by him in an application then pending,) but limits his claim to the combination, in a fire-proof safe, of the frames, the sheet-metal cover, bent around the top sides, and lower corners, with projecting metal bars, and removable bottom plate, substantially as described.

"2. No. 281,640. This patent differs from No. 273,585 in that a particular description is given, in the specification, of the cuts in the side of the angle bar, where the bends are to be made; but the patentee specifies that the shape of the cut may be varied, it only being essential that sufficient metal be cut away on one side of the angle bar to permit the other or uncut side to be bent, the cut nearest the uncut side being in the form of a curve or curves, so that, when said uncut side is bent to form the corner, it will bear upon and be supported by the curved end or portion of the cut, and thus be rounded by a curve similar to the curve of the cut. The claims are as follows: '1. An angle bar for safe-frames, consisting, substantially as before set forth, of a right-angled iron bar, one of the sides of which is cut away, leaving a curve facing the uncut side, whereby said uncut side may be bent to bear upon said curve to form a rounded corner. 2. An angle bar for safe frames, consisting, substantially as before set forth, of a right-angled iron bar, one of the sides of which is cut away, with curved cuts meeting a right-angled cut, whereby the uncut side may be bent to form rounded corners. 3. In a safe, the combination of the front and back frames, formed of single bent angle bars, having one side cut away to leave curved ends, upon which the uncut side is bent to form rounded cor-

ners, and a metal sheet, E, bent around and secured to said frames to form the top and sides of the safe, substantially as described.'

"3. No. 283,136, dated August 14, 1883, application filed December 11, 1882. The claim is as follows: 'The herein described process of bending angle irons, which consists in cutting away a portion of one web by a cut which severs the two webs at their junction, for a distance equal to the arc of the corner to be bent, and removes sufficient of metal in front of the single part of the uncut web to permit the same to bend to the desired angle and to insure the edges of the opening meeting to form a close joint as the bar is bent, substantially as shown and described.' In the specification the sides of the angle bar are designated by the letters A and B. A represents the uncut web, and B the cut web. The outer opening of the cut, C, is made by lines at angles of forty-five degrees to the edge of the web, so that, when the bar is bent, the edges of this opening meet each other in a true mitre. The inner opening, D, which extends outward within converging curved lines from the angle of the bar to where it meets the opening C, extending inward from the edge of B, and within converging lines, (the letter X suggesting the shape of the entire opening, excepting that the outer opening extends nearly to the angle of the bar,) has a dovetailed shape, bounded by curved lines described from points upon the mitre line and the face of the uncut web A. The curved ends of the web B abut against the uncut side when the bar is bent, making a close joint. The patentee states, in the specification, that 'the shape of the opening or cut-away portions of web B may be varied at will, so long as the meeting line or lines be not extended beyond the space bounded by the rounded corner, and the edge lines extended to web A.' The angle bars cut out as described, it is stated in the specification, may be bent to the proper form by the machine represented by Fig. 6 in the accompanying drawings. 'In this, E represents a metal block having upwardly projecting sides screw-tapped to receive clamping screw F. The opposite corners of the block are rounded to fit the inner curve of the desired

corner. G is a loose block of iron, between which and the side of block E the uncut web A is clamped by screw F, the other web, B, resting on the block, the cut-away part over the rounded corner; by force applied to the projecting end of the bar it is bent around until the severed edges meet in a close joint. The angle bar herein shown is not claimed here, as it is the subject of a pending application.'

" The safes described in these patents are filled through the bottom opening with fire-proof cement. The bottom is then secured in place and the casters attached. The patentee states, in the specification forming part of letters No. 281,640, that before his invention safes were filled from the back, and that his safe 'can be completely finished before the filling is put in. The filling adds greatly to the weight. Much labor in handling is therefore saved.'"

The opinion of the Circuit Court then proceeds to say: " For the purposes of this suit these three patents may be considered as one, containing all the claims involved. As counsel for complainant suggests, the claims are for separate and distinct but not for independent inventions, at least so far as the manufacture of safes is concerned. They might have been all included in one application had the patentee chosen to so present them.

" The first and second claims in letters patent No. 281,640 are for an angle bar for safe-frames, consisting of a right-angled iron bar, one of the sides of which is cut away, (the cuts being curved and meeting a right-angled cut,) leaving a curve facing the uncut side, whereby said uncut side may be bent to form a rounded corner. The patentee states, in the specification, that he is aware 'that it has been proposed to make protecting corner pieces for safes from angle iron, from one side of which a triangular piece was cut out to permit the opposite side to bend.' He also states that 'the shape of the cut to permit the angle bar to be bent to form rounded corners may be varied without departing from the principle of my invention,' etc.

" In the drawings accompanying the specification forming part of letters patent No. 283,126, Figure 5 represents a templet

of card-board or thin sheet metal, which the patentee states he uses to determine about the shape and size of the notch or cut which it is necessary to make to admit of the bar being bent to any desired angle and to make a corner of any desired curve. The templet is of the shape and size of a section of the angle bar. One web is severed by a cut at right angles to its edge; the two webs are then severed at their junction for some distance upon each side of the cut; then, by bending the web so that the cut edges will pass each other, the templet may be bent to any curve or angle desired, and the lines of the cuts required to make the proper shape of opening in angle bars to be bent to the same curve or angle, marked and fixed upon. Such use of the templet as a pattern is nothing new. It is clearly shown by the testimony, that cutting an opening in one web of an angle bar to permit the bending of the bar to an angle or curve, was known and used before the date claimed by complainant's assignor for his invention. Different shapes of cuts and openings are shown in exhibits put in evidence by respondents. Unless the precise cuts and shape of opening shown in the drawing attached to the specification forming part of the letters patent are patentable, the claims are worthless. But the patentee shows how, by the use of a pattern of flexible material — an old method, and familiar as the use of the carpenter's mitre box — he determines the lines of the cuts and the shape of opening. In this there is no exercise of the inventive faculty; it is only what would occur to a mechanic of ordinary skill. Moreover, if the precise lines of cuts and shape of opening shown in the drawings were patentable, the patentee does not, as we have seen, so limit his claim, but seeks to cover variations, which he says may be made without departing from the principle of his invention. Claims 1 and 2 in letters patent No. 281,640, and the claim in letters patent No. 283,136, are, therefore, adjudged to be invalid.

"As to the combination claim, being the only claim in letters patent No. 273,585, and claim 3 in letters patent No. 281,640, they are old, excepting only — and this is not material — that the precise lines of cuts and the shape of the opening

of the angle bar are not found in safes of prior manufacture. The sheet-metal cover is old. It is shown in respondent's exhibit, 'St. Louis Safe.' The bars C and lower removable plate D, claimed in No. 273,585, are old. See respondent's exhibit A and the deposition of John Hurst. The safes in the manufacture of which they were used were square-cornered, as was then the fashion, but that is not material. When the angle frames were bent the corners were round, and then heated and hammered upon both sides of the corners, to make them square. Respondent's testimony also establishes that fire-proof safes were filled from the bottom as early as 1879, by the Cincinnati Safe and Lock Company, and in that year, probably also in 1878, by Hall's Safe and Lock Company. The complainant was the first to employ the combination claimed in the manufacture of round-cornered safes, but the change from square-cornered safes was only a change in form. The combination is nothing more than an aggregation, and falls by the application of the rulings in *Hailes* v. *Van Wormer*, 20 Wall. 353, 368; *Reckendorfer* v. *Faber*, 92 U. S. 347; and *Pickering* v. *McCullough*, 104 U. S. 310, 318. The bill is dismissed at complainant's costs."

It is apparent that the claim for the process, in No. 283,136, is merely for the process or method of cutting away and removing the metal, so as to permit of the bending, and of doing the bending, and of producing the close joint as the bending takes place, such process or method being merely the process or method involved in making the article covered by claims 1 and 2 of No. 281,640. In other words, claims 1 and 2 of No. 281,640 are each for an article produced by a described method or process, and the claim of No. 283,136 is for such method or process of producing such article. The method is a purely mechanical method. No. 281,640 was applied for more than eleven months before No. 283,136 was applied for, and was issued 28 days before No. 283,136 was issued. There was no patentable invention in No. 283,136, when it was applied for, in view of what was applied for by claims 1 and 2 of No. 281,640. After a patent is granted for an article described as made by causing it to pass through a certain method of

operation to produce it, as, in this case, cutting away the metal in a certain manner and then bending what is left in a certain manner, the inventor cannot afterwards, on an independent application, secure a patent for the method or process of cutting away the metal and then bending it so as to produce the identical article covered by the previous patent, which article was described in that patent as produced by the method or process sought to be covered by taking out the second patent.

The Circuit Court, in its opinion, said that the use of the templet shown in Figure 5 of No. 283,136, as a pattern, was not new; that cutting an opening in one web of an angle bar, to permit the bending of the bar to an angle or curve, was known and used before the date of the patentee's invention; that different shapes of cuts and openings were shown in exhibits put in evidence by the defendant; that the claims in question, namely, claims 1 and 2 of No. 281,640, and the claim of No. 283,136, were invalid, unless the precise cuts and shape of opening shown in the drawings were patentable; that there was no exercise of the inventive faculty in using a pattern of flexible material, in an old and familiar method, to determine the lines of the cuts and the shape of the opening; and that the patentee had not limited his claims to the precise lines of cuts and shape of opening shown in the drawings, but had stated, in the specification of No. 281,640, that the shape of the cut to permit the angle bar to be bent to form rounded corners might be varied without departing from the principle of the invention. We concur in the view that claims 1 and 2 of No. 281,640 and the claim of No. 283,136 are invalid for the reasons thus given.

As to the claim of No. 273,585 and claim 3 of No. 281,640, which are claims to combinations, the opinion of the Circuit Court states that those claims are old, except in the immaterial point, that the precise lines of cuts and the shape of the opening in the angle bar are not found in safes of prior manufacture; that the sheet-metal cover is old, being shown in defendant's exhibit, "St. Louis Safe;" that the bars C and lower removable plate D, forming part of the claim of No. 273,585,

are old, it being immaterial that the safes in the manufacture of which they were used were square-cornered, the corners of the angle frames, when bent, having been round, and having been then made square by heating and hammering the metal on both sides of the corners; that fire-proof safes had been filled from the bottom as early as 1879; that, although the patentee was the first to employ the combination claimed in the manufacture of round-cornered safes, the change from square-cornered safes was only a change in form; and that the combination was nothing more than an aggregation, and fell within the rulings of this court, in the cases cited, that such an aggregation was not patentable. We think these views are correct.

*The decree of the Circuit Court is affirmed.*