### ECLIPSE MANUF'G Co. *v.* ADKINS *et al.*

*(Circuit Court, N. D. Illinois. October 15, 1888.)*

**1. PATENTS FOR INVENTIONS—NOVELTY—DEMURRER.**

The court not being able to say from common knowledge that there is no novelty in the design for a radiator described in letters patent No. 17,270, granted April 19, 1887, to Leon H. Prentice, consisting of a plan for ornamenting the surface of the radiator pipes by embossed or depressed figures on the upper parts, leaving the lower parts plain, thus forming two rectangular parallelograms, one above the other, a demurrer to a bill to enjoin the infringement of such a patent should be overruled.

**2. SAME.**
> A demurrer to such a bill for want of novelty in the alleged invention will not be sustained unless the court, from his own knowledge, has no doubt that the device is well-known, and in common use.

In Equity. Bill to enjoin the infringement of letters patent. On demurrer.

Bill by the Eclipse Manufacturing Company against Erastus V. Adkins and others to enjoin the infringement of a patent.

*Dyrenforth & Dyrenforth,* for complainant.

*E. S. Bottum,* for defendants.

BLODGETT, J. This is a bill in equity asking for an injunction and accounting by reason of the alleged infringement of letters patent No 17,270, granted April 19, 1887, to Leon H. Prentice, for a "design for a radiator." In his specification the patentee describes the subject-matter of his patent as follows:

"The leading feature of my design consists in the upright or vertical pipes of the radiator having a comparatively plain or even surface for a portion of their length from the bottom up, and with an ornamented surface consisting, preferably, of embossed or depressed ornamentation at the top or upper part, the plain portion constituting the lower or base portion of the radiator, and the figured or ornamented portion constituting the top or crown of the same; the plain and figured portions offsetting each other and presenting a contrasting appearance between the upper and lower parts of the radiator. These portions of the surface give the radiator a pleasing appearance. * * * The invention consists in the radiator composed of a series of vertical pipes or loops of uniform height, having the crown or top portion of the pipes or loops ornamented or figured a uniform distance from the top downward, the portion below being comparatively plain. In this manner the ornamented and plain portions of the aggregate surface of the radiator constitute two rectangular parallelograms, one above the other. A similar effect would be produced by transposing the plain and figured portions."

And the claim is:

"The design for a radiator herein shown, consisting of a series of upright pipes or loops of uniform height, having the upper and lower portions of their aggregate surface distinguished from each other by ornamentation, so as to present rectangular figures, A, B, in contrast."

Defendant demurs to the bill on the ground that the design described and set forth in the patent was not new and patentable at the time of the alleged invention thereof by the patentee, but that, on the contrary, the same was, from the common and general knowledge of the public, old and well known at the time of the alleged invention thereof by the patentee; of all which the court will take judicial notice. That the design is not such as requires the exercise of inventive genius and effort. It was also urged *ore tenus* that the patent is void because the specifications do not describe the kind of figures that are to be used for the ornamentation of the radiator, but it is simply and baldly for the idea of ornamenting the upper or lower portion of a radiator with figures of any kind, whether embossed or painted thereon. The patent law of the United States (section 4929, Rev. St.) provides that—

"any person who by his own industry, genius, efforts, and expense has invented and produced any new and original design for a manufacture, bust, statue, *alto relievo,* or bas-relief; any new and original design for the printing of woolen, silk, cotton, or other fabrics; any new and original impression, ornament, patent, print, or picture to be printed, painted, cast, or otherwise placed on or worked into any article of manufacture; or any new, useful, and original shape or configuration of any article of manufacture, the same not having been known or used by others before his invention or production thereof, * * * may obtain a patent therefor."

In *West* v. *Rae,* 33 Fed. Rep. 45, this court sustained a demurrer to a bill charging infringement of a patent on a device for protecting woolen blankets from insects by incasing them in paper bags, on the ground that within the common knowledge it was old to wrap or incase woolens in paper to protect them from dust or insects. At the time I announced the decision in that case I stated that its effect might be to encourage counsel to demur to bills for infringement of patents in cases where they, from their special knowledge of the art, might be of opinion that the device covered by the patent was old. And my anticipations in that respect have been fully realized, as that decision has already produced in this court quite a bountiful crop of demurrers in this class of cases. But the court must meet each case as it arises, and, in sustaining demurrers like this, keep strictly within the field of common knowledge. The practical difficulty and danger is in defining where special knowledge leaves off and common knowledge begins. The judge must always be careful to distinguish between his own special knowledge, and what he considers to be the knowledge of others, in the field or sphere where the device in question is used. But when the judge before whom rights are claimed by virtue of a patent can say from his own observation and experience that the patented device is in principle and mode of operation only an old and well-known device in common use, he may act upon such knowledge. The case must, however, be so plain as to leave no room for doubt; otherwise injustice may be done, and the right granted by the patent defeated, without a hearing upon the proofs. The judge must on all such questions vigilantly guard against acting upon expert or special knowledge of his own, instead of keeping strictly within the field of general or popular knowledge. While I do not intend to lay down a rule, I am free to say that I should not feel justified in holding a patent void for want of novelty on common knowledge, unless I could cite instances of common use which would, at once, on the suggestion being made, strike persons of usual intelligence as a complete answer to the claim of such patent.

The patent now under consideration is for a design by which the surface of a radiator is to be divided by a horizontal line into two rectangular spaces, and one of them—that is, either the upper or lower of these spaces—ornamented with figures, which may be produced by embossing or depressing upon the surface, or perhaps by painting. This certainly strikes me at first impression as a very close, if not doubtful, patent. I cannot, however, say from my own knowledge, or from any familiarity with radiators in common use, that it is not new. I may say that; so far

as my own observation goes, I have never seen radiators ornamented in the manner shown in this patent, or by figures of any kind, either embossed, depressed, or painted thereon. Hence I am unable to say that this design is not wholly new and original with this patentee. As to the point that this patent is void because it does not describe the kind of figures, I can only say that I, at present, am of opinion that if this patentee was the first to invent or produce an ornamented radiator, that is, the first to design a radiator with an upper or lower rectangular space ornamented by figures of any kind upon it, then he may be entitled to a patent for such design. It may not have required a very high order of genius or inventive talent to have conceived and produced such a design, but if it was new, if it originated with him, then I cannot on demurrer say his patent is invalid. I have nothing at present before me from which I can say that it did not require study, thought, and inventive talent to produce this design. The case can be far more satisfactorily and safely, for the rights of all parties, disposed of upon proof as to the state of the art. The demurrer is therefore overruled.