SOCIÉTÉ FABRIQUES DE PRODUITS CHIMIQUES DE THANN ET DE MULHOUSE v. LUEDERS et al.

(Circuit Court, S. D. New York. November 8, 1900.)

PATENTS—SUIT IN EQUITY FOR INFRINGEMENT—DUPLICITY OF PLEA.

A plea to a bill for infringement of a patent, which sets out a prior process patent to the same patentee, and avers that the product of the process shown is the same product claimed in the second patent, and that the two patents are, therefore, for an indivisible invention, and the second is void, and also pleads that the first patent was an abandonment to the public of the product of the second, presents two separate defenses, and is bad for duplicity.

In Equity. Suit for infringement of patent. On motion to strike out amended plea.

Elisha K. Camp, for the motion.

Arthur v. Briesen, opposed.

SHIPMAN, Circuit Judge. The complainant's bill in equity seeks to restrain the alleged infringement of letters patent No. 451,847, dated May 5, 1891, and issued to Albert Baur for a new product called "artificial musk." The bill is in the ordinary form, and makes profert of the patent. The defendants filed a plea, which alleged that Baur applied for and received, on December 10, 1889, letters patent No. 416,710, for a new process for making artificial musk, made profert of the patent, and alleged that the invention of the patent in suit was fully disclosed and abandoned to the public in and by letters patent No. 416,710, and that thereby the patent in suit was void, and of no effect. The plea was set down for argument, and upon the hearing I said that I could not tell, merely upon profert of the two patents, which are very chemical in their character, that the invention of the product was shown in the process patent, and that either more facts must be averred or testimony must be given, and gave leave and time for an amendment of the pleadings. An amended plea was thereupon filed, which avers that the necessary product of the process is the product claimed in the patent in suit, "and that, therefore, said last-mentioned letters patent, No. 451,847, are void, and of no effect in law." The plea further declares, "All of which things the defendants do aver to be true, and they plead the abandonment of the alleged invention specified and claimed in said letters patent No. 451,847." The complainant now moves to strike out the amended plea. The amended plea presents two separate defenses,—one that the two patents are for one and the same or "indivisible" invention, and that the second patent is, therefore, void, upon the principles stated in Mosler Safe & Lock Co. v. Mosler, Bahmann & Co., 127 U. S. 354, 8 Sup. Ct. 1148, 32 L. Ed. 182; Plummer v. Sargent, 120 U. S. 442, 7 Sup. Ct. 640, 30 L. Ed. 737; Giant Powder Co. v. California Powder Works, 98 U. S. 126, 25 L. Ed. 77. The second defense is that the facts constitute an abandonment of the invention claimed in the second patent. The result is that a single plea relies upon the indivisibility of the two alleged inven-

tions, and also upon an abandonment to the public of the invention for a product. "A double plea is informal and multifarious, and therefore improper," and "it is a general rule that a plea ought not to contain more defenses than one." Story, Eq. Pl. § 653; Rhode Island v. Massachusetts, 14 Pet. 259, 10 L. Ed. 423; 1 Daniell, Ch. Prac. 633; McCloskey v. Barr (C. C.) 38 Fed. 165. I see no adequate reason for permitting two separate pleas, and the proper course is to let the plea stand for an answer.