## UNDERWOOD TYPEWRITER CO. v. MANNING.

(Circuit Court, E. D. New York. December 11, 1908.)

**1. EQUITY (§ 167*)—PLEADING—PLEA—MULTIFARIOUSNESS.**

A plea which states but one ground of exemption from liability is not multifarious, although it may set out a number of facts or details of evidence in explanation and support of that ground.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 404; Dec. Dig. § 167.*]

**2. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—DEFENSES.**

In a suit for infringement of patents, against the patentee, who has assigned the patents and is charged with having infringed as superintendent of another corporation, a plea setting up that defendant as such superintendent has made no change in the conduct of the corporation's business, but which in effect admits infringement by the corporation, is insufficient.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 523; Dec. Dig. § 310.*]

In Equity. On plea.

Briesen & Knauth (Arthur von Briesen and Eugene Eble, of counsel), for complainant.

Edward C. Davidson (J. J. Kennedy, of counsel), for defendant.

CHATFIELD, District Judge. The defendant has interposed a plea, which has not been traversed by the complainant, but has been brought on for argument under equity rule 33. The complainant has attacked the form of the plea as multifarious, and also on the merits, as being no excuse or answer to the matters charged in the complaint.

The plea states that the defendant, "for plea to the whole of said bill," shows certain allegations as to his business relationship with

---

the Royal Typewriter Company, by which he is employed as superintendent, of which he is a director, qualified by holding one share of stock, and for which he is superintendent of its typewriter factory. The plea also states that the Royal Typewriter Company has been employing the same methods of manufacture since the defendant has been its superintendent as it did at the time he went there, and that no change has been made by him in respect to any of the matters covered by the complaint. Upon a mere examination of this plea it would seem that the defendant was setting up his lack of individual responsibility and also a denial of any infringing use by the Royal Typewriter Company. Such a joinder would make the plea multifarious, and therefore bad, under the authority of Giant Powder Co. v. Safety Nitro Powder Co. (C. C.) 19 Fed. 509, McCloskey v. Barr (C. C.) 38 Fed. 165, and Société Fabriques v. Lueders (C. C.) 105 Fed. 632.

But a further examination of the bill of complaint, and of the plea as well, shows that the complainant has charged the defendant with agreeing to undertake the duties of superintendent of the defendant's factory, and of so conducting himself as superintendent thereof as to make himself personally liable as an infringer of patents previously obtained by him, and which he had assigned to the complainant company. The defendant in his plea has referred to this accusation, and has stated that he had made no changes in the conduct of the Royal Company's factory. His apparent purpose is to disclaim any individual interest in the infringements, if they exist, rather than to plead lack of infringement on the part of the Royal Company. So that from this aspect the plea substantially amounts to a statement of but one ground of excuse or freedom from liability, although a number of specific facts, or a number of details of evidence, are set forth in explanation of that ground. On this aspect the plea is not multifarious, and must be considered on the merits. Story's Equity Pleadings (3d Ed.) § 652.

The plea, therefore, if it be taken to admit all things not denied, and, as has been said, be considered as an attempt to state an excuse or ground for freedom from liability, is equivalent to a concession that the Royal Company may be, or in fact is, for the purposes of argument upon the plea, an infringer. Some of the points previously decided upon the motion for a preliminary injunction must be referred to, although the statement thereof will be left as in the former opinion.

It is apparent that the suit here is not for an injunction against the corporation, with an attempt to enjoin also an officer, as was the case in Continental Wire Fence Co. v. Prendergast (C. C.) 126 Fed. 381. Nor can the defendant attack (as was indicated in the former opinion) the validity of the complainant's patent, nor justify any infringement by himself, if he be found to be an individual infringer. Nor, again, if the Royal Company were admittedly or by adjudication held to be an infringer, would the fact that he was an employé relieve him from the consequences of his act. Maltby v. Bobo, 14 Blatch. 55, Fed. Cas. No. 8,998.

Under the last point mentioned the plea interposed by the defendant raises immediately the question as to whether the infringement is admitted, and, if so, what are the consequences thereof. As was indicated in the former opinion, this court does not consider that the defendant would suffer any hardship if he were restrained from any connection with or participation in a plain infringement of patents taken out and assigned by him. In the same way, no matter what opinion one may have of the ethical responsibility of an individual going over to a competitor, and there profiting through the experience gained with the original employer, no abstract equities are here involved, but the plea must be determined upon the legal status of the parties. In so far, therefore, as the plea would seem to admit infringement, and to seek to evade the consequences thereof on the part of the defendant, the plea should be overruled as insufficient.

If no other question could be raised, the complainant would seem to be entitled to judgment absolute; but by the provisions of equity rule 34 the defendant must be assigned to answer the bill, and to set up such defenses as he may have not covered by his plea. Wooster v. Blake (C. C.) 7 Fed. 816. Further, the issue in the present case, as shown by the complaint and by the plea, is substantially whether infringement did exist. If the Royal Company were a party to the action, this question could be determined; but as the action now stands the defendant, if he has no other defense, can only justify his conduct and relieve himself from the responsibility of the admissions of his plea by defending his action to the extent of proving that the Royal Company is not committing acts which are infringements of the patents claimed, if he is able so to do.

The defendant, therefore, may answer the complaint within such period as may be fixed by the order, or, in the event of his failure so to do, judgment absolute for the complainant will be entered, because of the insufficiency of his plea in the respects indicated.