GILBERT MFG. CO. v. POST & LESTER CO.

(Circuit Court, D. Connecticut. March 13, 1911.)

No. 1,340.

1. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—DEMURRER TO BILL.
  A demurrer to a bill for infringement on the ground that the patent is invalid on its face is proper in cases of manifest invalidity, as saving labor, time, and expense, but should not be urged unless competent counsel representing defendant are absolutely sure of their ground.
  [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

2. PATENTS (§ 328*)—INVENTION—SPARE TIRE HOLDER.
  The Bowers patent, No. 872,892, for a spare tire holder for automobiles, is not so manifestly void on its face for lack of invention as to warrant its being so declared on demurrer.

In Equity. Suit by the Gilbert Manufacturing Company against the Post & Lester Company. On demurrer to bill. Overruled.

Arthur L. Shipman and Heath Sutherland, for demurrant.
Cyrus N. Anderson, for complainant.

PLATT, District Judge. [1] Under the decisions it is clear that the method herein used for assailing a patent, which is deemed manifestly invalid on its face, is proper and meritorious, because if it succeeds, the litigants are saved time, labor, and expense. It should not be urged, unless competent counsel in charge of the defendant's interests are absolutely sure of their ground. In the case at bar I am confident that the capable counsel for the demurrant filed the demurrer in the best of faith, and their action meets with my approval. The granting of the patent carries with it, of course, the presumption of validity, and it must be a plain case indeed, which will warrant the court in differing, on the face of the thing, with the trained experts at the Patent Office. A speaking example of such temerity is before my eyes at this moment. In Stillwell v. McPherson (C. C.) 172 Fed. 151, a District Judge, whom I personally esteem and respect, had before him an attack by demurrer upon the validity of the Watson patent, No. 559,642, for a culvert constructed of corrugated sheet-metal pipe in sections, bolted or otherwise fastened together. This was to be used as a substitute for the well-known tile culverts, because it could be laid on an uneven bed with less danger of breaking; could be joined together without cement; and could be safely transported in longer sections. The judge says that ideas are not patentable, which, of course, is true. He follows with a statement that the ideas presented by the patented culvert had, within his knowledge and that of the average person, been commonly understood for years. He points to stovepipes as an example of inserting a contracted end into a flared end, and says, as to the liability to breakage, that every one knows that corrugated pipe is stronger than plain pipe, and that metal pipe of course will not break as easily as tile pipe. On the face of it that did look like a simple case.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The Court of Appeals, however, for the Second Circuit, 183 Fed. 586, just reported in No. 5 of the Advance Sheets, by a decision filed last November and within my knowledge from about that time, reversed the decision of the District Judge, because in their opinion the question of patentability was doubtful enough, so that such a summary method of disposing of the patent was unwarranted.

Two other judges, of acknowledged wisdom, had also, at circuit, refused to dismiss upon demurrers bills counting upon the Watson patent. That is a demonstration of the futility of taking chances.

[2] The patent in suit has only one claim, viz.:

"The herein described spare tire holder comprising a straight shank, two fingers projecting from one side thereof at substantially right angles thereto, a strap engaged with said fingers, a socket in which the inner end of the shank is longitudinally and rotatably adjustable, and means for securing said shank in the socket, substantially as described."

The elements set forth therein when applied to the concrete form patented co-operate to effect the result sought by the inventor, viz., the supporting of a spare tire in a convenient manner and position upon an automobile. The claim therefore recites a living, pulsating entity, and cannot be construed as an aggregation.

Regarding invention, my mind works on the plan suggested by Judge Blodgett in Eclipse Mfg. Co. v. Adkins (C. C.) 36 Fed. 554-557, when he said that he would not feel justified in holding a patent void on common knowledge, unless he could cite instances of common use, which would, when presented, at once strike persons of usual intelligence as a complete answer to the claim of the patent.

I do not think that the oarlock of a rowing machine or racing shell, or the device for supporting eaves troughs on houses, would measure up to the standard which was there set by a very capable judge, and which I am willing to adopt.

It is not unlikely that at final hearing such facts may be brought forward in support of the presence of inventive thought in the patented device that it will become my duty to agree with the Patent Office in that respect.

Let the demurrer be overruled and issue joined in the usual way.