ADRIAN WIRE FENCE CO. v. JACKSON FENCE CO.

(Circuit Court, E. D. Michigan, S. D. May 17, 1911.)

1. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—MULTIFARIOUSNESS OF BILL.
   A patent for a peculiar form of wire knot and one for a machine or die to make such knot may both be infringed by the same act, and a bill charging such infringement is not multifarious.
   [Ed. Note.—For other cases, see Patents, Dec. Dig. § 310.*]

2. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—MULTIFARIOUSNESS OF BILL.
   A patent for a generic form of wire knot and one for an included specific form may both be infringed by the same structure, and a bill alleging such construction of the patents and such infringement is not demurrable for multifariousness.
   [Ed. Note.—For other cases, see Patents, Dec. Dig. § 310.*]

3. PATENTS (§ 72*)—DOUBLE PATENTING—IDENTITY OF INVENTION.
   A patent for a die for forming a wire knot and one for the knot formed by such die, but which may be otherwise formed, are not for the same invention, and the later is not void for double patenting.
   [Ed. Note.—For other cases, see Patents, Dec. Dig. § 72.*]

4. PATENTS (§ 328*)—VALIDITY—KNOT FOR WIRE FENCE.
   The Williams patent, No. 533,403, for a knot for the intersecting strands of a wire fence, held not invalid on its face for lack of invention.

5. PATENTS (§ 328*)—VALIDITY—DIE FOR MAKING WIRE KNOT.
   The Tiffany patent, No. 755,187, for a die for making a wire knot, held not invalid on its face for lack of invention.

In Equity. Suit by the Adrian Wire Fence Company against the Jackson Fence Company. On demurrer to bill. Overruled.

Rector, Hibben, Davis & Macauley, for complainant.
Albert H. Bates, for defendant.

DENISON, District Judge. This suit is upon three patents: Williams, 533,403, for a knot or tie for the intersecting strands of a wire fence; Tiffany, 774,210, for a knot of the same general class; and Tiffany, 755,187, for a die for making such knots. The demurrer alleges: (1) That the bill is multifarious for lack of conjoint use of the three patents; (2) that the two Tiffany patents involve double patenting; (3) that each of the three patents is void for lack of invention.

### I. Multifariousness.

[1] The bill alleges that all three patents are capable of conjoint use, and are, in fact, conjointly employed by the defendant in a single structure. The defendant argues this may mean that they are used in the different parts of the same fence. This is not the fair meaning of the language; and it is apparent enough that complainant intends to charge they are all used in connection with one single knot or tie. In spite of this allegation, it is well settled that we may look into the patents themselves to see whether the patents are fairly capable of such use.

A patent for a peculiarly twisted and formed piece of wire, and a patent for a die in which the forming and twisting are done, are

patents for the apparatus and for the product, in close analogy to those for process and product. It seems clear that it is proper to join, in one suit, two such patents, since both are infringed by the same act. This consideration justifies joining Tiffany, knot, and Tiffany, die.

[2] If the two knot patents were for two specific and varying forms for the same structure, obviously they could not be joined, because they could not be conjointly used in the same structure. If they are relatively generic and specific, then they may both be infringed by the same structure, and joinder may be proper. It is complainant's theory that the Williams patent is relatively generic; and, upon demurrer, I cannot say this theory is wrong. The first claim of Williams is capable of such construction, or, to speak more accurately, may, upon final hearing, be thought capable of such construction.

The question whether Williams, knot, and Tiffany, die, can be joined depends also on whether Williams is relatively generic. If a knot made in a Tiffany die infringes the Williams patent, then these two patents may be joined.

## 2. Double Patenting.

[3] Tiffany, knot, was applied for May 29, 1903, and issued November 8, 1904. Tiffany, die, was applied for June 19, 1903, and issued March 22, 1904.

If these were for one invention—i. e., if the machine would produce only the product and the product could be constructed only by the machine—it might follow that the later patent was invalid, under the rule of the Mosler Case, 127 U. S. 355, 8 Sup. Ct. 1148, 32 L. Ed. 182; but this does not seem to be the case. The knot can be made by hand, or by any suitable shaping mechanism. It is, therefore, an independent invention. Normally, process and product form two inventions; not one. Leeds & Catlin Co. v. Victor Talking Machine Co., 213 U. S. 301, 29 Sup. Ct. 495, 53 L. Ed. 805.

Hence the validity of neither Tiffany patent is affected by the existence of the other.

## 3. Patentability.

[4] A. Williams. With the broad construction claimed for this patent, the query arises whether it is not a patent for a knot made of wire, instead of from string. On its face, and with the construction necessary to make it cover the Tiffany knot, it has that aspect. There are said to be merit and novelty in using a prepared staple as the starting point of the construction. This may be, although it is not now clear to me; and it should be said that complainant has not attempted to present that question fully. On final hearing, evidence of utility, commercial acceptance, previous failures, etc., may be thought of controlling force. It is not obvious just what mechanical problems arise in dealing with this kind of material, and I am satisfied that I should not, on a demurrer hearing, hold the patent invalid.

B. Tiffany, knot. This structure, as claimed, is a duplicate of Williams', except as to the form and placing of the ends of the staple;

and in these respects, the differences seem mechanical only, remembering that we must consider, not the method of construction (which may involve valuable invention), but only the finished product, however made. The prior Williams patent, pleaded in the same bill, may be considered in determining whether the later Tiffany patent, on its face, shows invention. If the suit was planted on this Tiffany patent alone, I should be inclined to sustain the demurrer on the ground of invalidity; but as this demurrer is to be otherwise overruled, and proofs must be taken and final hearing had on the other two patents, no additional delay and little, if any, additional proof will be required as to this patent, and the practical considerations, sometimes persuasive in sustaining a demurrer in a patent case, are not present. On the other hand, if sustaining the demurrer was, on appeal, held erroneous, there would be what would correspond to a mistrial at law, and the case would have to come back for further hearing on this point. Under such circumstances, it seems best to overrule the demurrer on this point also.

C. Tiffany, die. I am not impressed by the attack made upon the prima facie validity of this patent; indeed, the argument rests upon the assumption of a knowledge of the art of die making, which knowledge the court does not judicially have.

Upon the whole case, an order will be entered overruling the demurrer and giving the defendant 20 days in which to plead or answer.