JACKSON SKIRT & NOVELTY CO. v. ROSENBAUM et al.

(Circuit Court, W. D. Michigan, S. D. May 24, 1911.)

1. PATENTS (§ 328*)—VALIDITY—SKIRT.
    The Smith and Malnight patent, No. 750,234, for a skirt, *held* not invalid on its face for lack of invention.

2. EQUITY (§ 244*)—FEDERAL PROCEDURE—RIGHT TO ANSWER AFTER OVERRULING OF DEMURRER.
    Under equity rule 34, after the overruling of a demurrer the defendant has an absolute right to answer, and the court has no power to impose arbitrary conditions.
    [Ed. Note.—For other cases, see Equity, Cent. Dig. § 519; Dec. Dig. § 244.*]

3. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—PLEA.
    Where a bill for infringement of a patent, brought against individual defendants and a corporation, alleges that the individual defendants have jointly and severally and as copartners infringed, a plea setting up that such defendants are not partners, and were not at the time of the alleged infringement, but that they are officers of the defendant corporation, should be overruled, as the defense may be fully saved by an answer.
    [Ed. Note.—For other cases, see Patents, Dec. Dig. § 310.*]

In Equity. Suit by the Jackson Skirt & Novelty Company against Louis Rosenbaum and others. On demurrer and plea. Overruled.

W. H. C. Clarke and C. A. Snow & Co., for complainant.
Chappell & Earl, for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DENISON, District Judge. The bill is for infringement of patent to Smith and Malnight, January 19, 1904, No. 750,234.

[1] The demurrer raises the question of the patentability of the combination described in the single claim. The patent impresses me as one of those which now seem to be a rather obvious expedient, as compared with other well-known forms, but which, nevertheless, may, upon final hearing, be shown to have such commercial merit, and to have been so far "the last step" in a search for exactly the right thing, as to have validity. If the claim is read literally and closely, it is extremely limited in form; and there must be more hesitation in sustaining a demurrer to a claim capable of such construction than there may be in cases where the claim is very broad. Upon the whole, I think the case is one which ought to be held for final hearing.

[2] I am asked to apply the rule announced in the case of Merrimac Mattress Mfg. Co. v. Schlesinger et al. (C. C.) 124 Fed. 237, to require the defendant to pay a special allowance to complainant's counsel for services and traveling expenses as a condition of permitting the defendant to answer. The circumstances of this case do not call for the imposition of any penalty, as I have no doubt whatever that the demurrer was interposed in good faith; but I understand that under general equity rule 34, and after the overruling of a demurrer, the defendant has an absolute right to answer, and a court has no power to impose arbitrary conditions. It would seem that, if a court is satisfied that counsel appearing in court has falsely certified that a demurrer was interposed in good faith and not for delay, a requirement that the clients should be penalized may not be the most appropriate remedy.

[3] The plea has to do with the association of the defendants. The bill, in its opening paragraph, alleges that it is brought against the three individual defendants "jointly and severally and as copartners, trading and doing business under the firm name and style of the Henrietta Skirt Company," and against Samuel Rosenbaum & Sons Company, a Michigan corporation, "and against all of said defendants jointly and severally." A later paragraph alleges that the defendants "are now jointly infringing said letters patent."

The plea sets up that the individual defendants are not, and for several years have not been, partners as the Henrietta Skirt Company, or partners at all, but that their only connection with the subject-matter is as officers or employés of the defendant corporation, which corporation is using the trade-name "Henrietta Skirt Company." I think that the allegation in the bill that the three individual defendants are partners under the specified trade-name is, when taken in addition to the statement that they are jointly and severally infringing, surplusage, and does not tender an issue to which a good plea may be interposed.

In its further aspect, the plea is, substantially, that the individual defendants have not infringed, unless by reason of their connection with the corporation; and then, to make the plea complete, we must consider in this connection the fact that the bill does not allege an infringement by them as officers of the corporation. In other words,

the plea is that the defendants are not liable for the reason alleged in the bill, though they may be liable for another reason. In a case where the defense may be fully saved in connection with an answer and on final hearing, and where the relations of the parties are as they seem here to be, I think a plea resting on such a basis should not be sustained. It will, accordingly, be overruled.

It is apparent, however, from statements of counsel upon the argument, that the bill may require amendment. This action is one of tort, not of contract. The complainant, therefore, cannot recover against the individual defendants as partners, on the ground that they have been held out at one time as partners, and that the holding out had not been recalled. If, therefore, it should appear that these defendants are not in fact partners, but that their only connection with the matter is as officers of the corporation, then the complainants would fail, because there would be no allegations in the bill upon which these defendants could be held through the corporation. Complainant can meet this situation by an additional allegation that these defendants claim to be acting only as officers or employés of the corporation, and that, if so, their acts and conduct have been such as to make them personally liable. These acts and conduct may be described in such detail as may be necessary to make the basis for personal liability under the rule existing in this circuit, and at the same time complainant can retain its allegation of a supposed partnership, or other individual acts, to rely upon if the same can be established.

The order will be that the demurrer and the plea be overruled; that the complainant have 20 days in which to amend the bill of complaint as it may be advised: that, in case of such amendment, the defendants have 20 days thereafter in which to answer; and that, in case complainant does not amend within said 20 days, the defendants have 10 days after the expiration of such time in which to answer.

The clerk will enter the order immediately.