## CARD v. STANDARD COAL & COKE CO.

(District Court, E. D. Tennessee, N. D. January 29, 1912.)

No. 1,618.

1. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—DEMURRER.

In a suit for infringement, a demurrer will lie, if the patent is manifestly void on its face for lack of novelty or invention; but its invalidity must be clear and manifest, and in case of doubt the demurrer must be overruled.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

2. EVIDENCE (§§ 5, 19*)—JUDICIAL NOTICE—MATTERS OF COMMON OR SPECIAL KNOWLEDGE.

In determining the questions of novelty and invention on demurrer to a bill for infringement, the court may take judicial notice of facts of common or general knowledge, but not of matters of special knowledge, even though within the personal observation of the court.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 4, 23; Dec. Dig. §§ 5, 19;* Patents, Cent. Dig. § 543.]

3. EQUITY (§ 235*)—SUIT FOR INFRINGEMENT—SPEAKING DEMURRER.

In so far as a demurrer to a bill for infringement seeks to import the existence of prior patents, which are not for devices of common use, of whose details the court may take judicial notice, it is bad as a speaking demurrer.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 511; Dec. Dig. § 235.*]

In Equity. Suit by Louis F. Card against the Standard Coal & Coke Company. On demurrer to bill. Overruled.

This suit was brought by the complainant by bill in equity against the defendant for the alleged infringement of letters patent No. 794,587, issued to the complainant July 11, 1905, for improvements in car handling apparatus. The defendant demurred to the bill on the ground that said letters patent were void for want of patentable invention, and that the alleged invention had more than two years prior to the filing of the application been made known to the public through various other letters patent of the United States described in the demurrer by numbers, names of patentees and dates of issuance, and was also shown in a report of the Second Geological Survey of Pennsylvania published in 1883 at Harrisburg, Pennsylvania, by the Board of Commissioners.

T. A. Wright, of Knoxville, Tenn., for plaintiff.
Cyrus Kehr, of Knoxville, Tenn., for defendant.

SANFORD, District Judge. [1] 1. In a suit for infringement of a patent a demurrer will lie if such patent be manifestly void on

its face for want of novelty or invention. Risdon Locomotive Works v. Medart, 158 U. S. 68, 84, 15 Sup. Ct. 745, 39 L. Ed. 899; Richards v. Elevator Co., 158 U. S. 299, 15 Sup. Ct. 831, 39 L. Ed. 991; American Fibre-Chamois Co. v. Buckskin-Fibre Co. (6th Cir.) 72 Fed. 508, 18 C. C. A. 662; Heaton-Peninsular Button-Fastener Co. v. Schlochtermeyer (6th Cir.) 72 Fed. 520, 18 C. C. A. 674; Thomas v. Railroad Co. (6th Cir.) 149 Fed. 753, 79 C. C. A. 89; West v. Rae (C. C.) 33 Fed. 45; Eclipse Mfg. Co. v. Adkins (C. C.) 36 Fed. 554; Gilbert v. Post (C. C.) 189 Fed. 81; Adrian Fence Co. v. Fence Co. (C. C.) 190 Fed. 195; Jackson Skirt Co. v. Rosenbaum (C. C.) 190 Fed. 197.

[2] 2. On such demurrer the court, in determining the questions of novelty and invention, may take judicial notice of facts of common or general knowledge, including old and well known devices in common use, such as pulleys (Risdon Locomotive Works v. Medart, supra), the well known elements entering into the use of elevators for transferring grain from railway cars to vessels (Richards v. Elevator Co., supra), common nails and staples (Heaton Button-Fastener Co. v. Schlochtermeyer, supra), and, by analogy, ice cream freezers in common use (Brown v. Piper, 13 Wall. [91 U. S.] 37, 43, 23 L. Ed. 200). And it may also consider an earlier patent pleaded by the complainant in his bill (Adrian Fence Co. v. Fence Co., supra). But on such demurrer the judicial knowledge must be carefully restricted to matters of common knowledge and well known devices in common use, and cannot extend to matters of special knowledge, even though within the personal observation of the court. Eclipse Mfg. Co. v. Adkins, supra; American Fibre-Chamois Co. v. Buckskin Fibre Co., supra. Thus in considering on demurrer the alleged want of novelty of a design patent, the court will not consider the various designs that may previously have come within its observation; the question of novelty in such case being one to be determined on answer and proof. N. Y. Belting Co. v. Rubber Co., 137 U. S. 445, 450, 11 Sup. Ct. 193, 34 L. Ed. 741.

To sustain such demurrer, in view especially of the presumption of validity attaching to the patent, the invalidity of the patent must be clear and manifest; and in case of doubt the demurrer must be overruled. American Fibre-Chamois Co. v. Buckskin Fibre Co., supra; Eclipse Mfg. Co. v. Adkins, supra; Gilbert v. Post, supra.

[3] 3. In the present case therefore, in so far as the demurrer seeks to import in the demurrer the existence of various prior patents, which are not devices of common use of whose details the court can take judicial knowledge, it is a speaking demurrer and bad for that reason. 1 Street's Fed. Eq. Pract. § 922, p. 559. And since, in the last analysis, the matters which are relied on by the demurrant as showing want of invention in the complainant's patent are not matters of common or general knowledge, but depend upon the exact prior state of the art, as shown by the details of various former patents not brought into the record by the demurrer, it results that under the foregoing authorities the demurrer must be overruled and the defendant left to raise this defense under answer and proof. An order will be entered accordingly.