### Application of TAYLOR.

(Court of Appeals of District of Columbia. Submitted November 14, 1922. Decided January 2, 1923.)

No. 1509.

1. **Patents ☞167(1)—Claims must be read in light of disclosure.**
   Claims must be read in the light of the disclosure on which they are founded.

2. **Patents ☞120—Claim of application held mere paraphrase of prior patent claim.**
   A broad claim in an application for a method patent, when construed with a disclosure which shows the method could be practiced only by a machine operated according to the claim of a prior patent issued to applicant, cannot be allowed on the theory that the method claimed covers the operation by hand or separate machines, so as to be broader than the prior apparatus patent.

3. **Patents ☞120—Same invention cannot be claimed in method patent after allowance in apparatus patent.**
   Claims for a method patent cannot be allowed after the issuance of an apparatus patent to the same applicant, where the invention is the same in both claims, though, if there were different inventions involved, different patents might be issued.

Appeal from the Commissioner of Patents.

Application by Eugene H. Taylor for a patent for a method of making one-piece paper drinking cups. From a decision denying the application, the applicant appeals. Affirmed.

Joseph H. Milans and Calvin T. Milans, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. Taylor applied for a patent on a method of making one-piece pleated paper drinking cups. His application was denied. There are nine claims in it.

The Office based its decision on the ground that the claims were only paraphrases of the claims of a patent issued to Taylor some six years before. In disposing of the matter the commissioner compared claim 7 of the application with claim 25 of the patent, and said that their words were almost identical in meaning. Answering this, Taylor admits that a consideration of the two claims will suffice for the purpose of settling the controversy, but contends that they are not in fact the same in substance, and urges that, while the means provided in

the patent claim must be found in a machine, a unitary structure, there is nothing in the claim of the application which depends on such a structure; that some of the steps required by the latter may be taken by separate dies and one step by hand, and it is against the possibility of the method being thus practiced that he seeks a patent. We copy both claims.

7. The method of making one-piece pleated paper cups, consisting of operating upon a blank to simultaneously form a plurality of pleats therein, closing the pleats to bring the blank into cup form and applying an adhesive to said pleats to hold the same in position.

25. In a cup-making machine, comprising means for operating upon a blank to start the formation of plaits therein, means for closing the plaits to bring the blank to cup form and applying adhesive to said pleats to hold the same in position.

[1] The primary examiner ruled that the method set forth in the claims of the application could not be performed by hand, nor by other mechanism than that called for in certain claims of the patent, including claim 25. Discussing the claims of the patent, the Examiners in Chief said that they "are so broad as to cover every possible mechanical device for carrying out the methods set forth, * * * and are nothing more than a paraphrase of the method claims." The disclosure of the application says:

"That the four operations of (1) cutting the blank from the ribbon of material, starting the formation of the plaits, and applying the adhesive at the dies 35, 62; (2) completing the formation of the plaits and forming the flange at dies 100, 101; (3) trimming the flange by the knives 123, 129; and (4) printing by means of the member 146 upon the completed cup supported by one of the four holders 132 are all performed simultaneously."

In re Creveling, 25 App. D. C. 530, is authority for the proposition that the claims must be read in the light of the disclosure on which they are founded.

[2] Reading claim 7 in accordance with this principle, we believe that it is not capable of practice except by a machine constructed and operated according to the patent claim 25, and, this being so, to allow a patent for it would be to offend against the rule which prohibits double patenting. Mosler Safe & Lock Co. v. Mosler, 127 U. S. 354, 8 Sup. Ct. 1148, 32 L. Ed. 182; Miller v. Eagle Manufacturing Co., 151 U. S. 186, 14 Sup. Ct. 310, 38 L. Ed. 121.

Creveling, in the case just cited, sought a patent on "methods of regulating dynamo-electric machines." The court, speaking through Mr. Justice Duell, said that the claims of his application, when correctly interpreted, had the same scope as claims of a patent granted to him some time before. The patent called for means, the application for methods, of regulating a generator.

"The specification," said the court, "would be fully as intelligible, and the disclosure thereof would not be modified, if the word 'means' were substituted for 'methods' in each of these two places. It has not been shown to us that the applicant in the present application has disclosed anything which was not fully disclosed in the patent issued to him on February 17, 1903. It has not been shown that there is any difference in the inventive concept underlying the present disclosure and that of his prior patent, and, on the contrary, the reverse appears to be the case. Accordingly, even if we were justified in dis-

regarding the character of the claims presented and referring to the invention itself, as disclosed, in determining the patentability thereof, we should be constrained to hold that the issuance of a patent upon the present application would be, in effect, a grant to the applicant of the same extent as that of his prior patent, and the final disposal of the case would not be affected."

[3] Counsel attempt to distinguish this case from the one before us, but we do not think there is any difference in principle between the two. The reasoning in the Creveling Case has been frequently approved by this court. See In re Tallmadge, 37 App. D. C. 590; In re Rowe, 40 App. D. C. 423; In re Fessenden, 45 App. D. C. 21; and American Lava Co. et al. v. Steward et al., 155 Fed. 731, 84 C. C. A. 157. In the Rowe Case it was said:

"An invention is not made different by the mere fact that one is disclosed in a claim for an apparatus and the other one in form of a method or process. Where the one invention is disclosed, but one patent can issue."

Here, as we view it, there is but one invention, and that is fully covered by the patent claims.

Taylor cites Dayton Fan & Motor Co. v. Westinghouse Electric & Mfg. Co., 118 Fed. 562, 55 C. C. A. 390; Westinghouse v. Boyden Power Brake Co., 170 U. S. 537, 18 Sup. Ct. 707, 42 L. Ed. 1136; Century Electric Co. v. Westinghouse Electric & Mfg. Co., 191 Fed. 350, 353, 112 C. C. A. 8; and One-Piece Bifocal Lens Co. v. Bisight Co. (D. C.) 246 Fed. 450. We have examined these cases, but find nothing in them which would justify the conclusion which Taylor desires. They all go upon the assumption that the applicant is seeking a patent on something not already covered by a patent. For instance, the Century Case says that, where one makes several patentable inventions that result in a new and useful machine or process, or both, he may have as many separate valid patents as he makes patentable inventions. This we admit, but it does not fit the present case, because, as we have heretofore said, the invention disclosed by Taylor's application is not different from the one covered by the patent. The other cases may be distinguished on the same ground.

Being satisfied that the decision of the Commissioner of Patents is right, we affirm it.

Affirmed.