## BENNET v. FOWLER.

1. Whether a given invention or improvement shall be embraced in one, two, or more patents, is a matter about which some discretion must be left with the head of the Patent Office ; it being often a nice and perplexing question, and one not capable, of being prescribed for by a general rule.
2. Accordingly, in a case where two reissued patents, both related to the lifting and depositing a load of hay in a mow of a barn, or in a rick or shed, but, in one of them the lifter was somewhat differently constructed, so as to adapt it specially to the stacking of hay (which, as this court assumed, had doubtless led the office to divide the improvements, and issue separate patents, in a case where the improvements had been embraced in one in the original patent), the reissue in the twofold form was held proper.
3. Where the defendant proposes to maintain at the final hearing of a case in chancery, that his machine does not infringe the complainant's patent, proof of non-infringement should appear in the testimony.

APPEAL from the Circuit Court for the Northern District of Illinois.

Fowler filed a bill in that court to enjoin Bennet and others from infringing two reissued patents, No. 1870 and

---

* 7 Wallace, 229.　　　　† Ib. 258.

1869,* for improvements in hay elevators, issued February 14th, 1865. The improvements had been embraced in one, in the original patent. An analysis of the complainant, Fowler's, claims presented them thus:

## No. 1870.

First Claim: In the construction of elevators for hay, the combination of the permanent pyramidal supporting frame, and the revolving cross-bar, and its braces, with a central supporting piece *for allowing the cross-bar, and its braces, to turn upon the supporting frame, substantially in the manner, and for the purposes described.*

Second Claim: In the construction of elevators for hay, I claim, in combination with the cross-bar revolving upon an under supporting frame, the so arranging of the sheaves, and hoisting tackle, that the weight to be raised shall be upon one end of the cross-bar, whilst the power to raise that weight is applied to the opposite end of the cross-bar, *for the purpose of enabling me to use a small and compact structure that may be easily transported or moved, occupying but little space, and sufficiently rigid within itself, without the use of additional guys, braces, or other fastenings, as herein described.*

Third Claim: In the construction of elevators for hay, I also claim two pyramidal frames, one placed upon the other, the under frame being upright, and the upper inverted, and the head blocks, or *apices* of both, *so united* as *that the upper frame may freely turn upon, whilst it is supported by the lower frame, substantially as described.*

## No. 1869.

First Claim: So constructing a machine for elevating hay or other like products, that the *same power employed in elevating said products, will also revolve the top of the machine while the load is being elevated, or when high enough to pass over the top of the stack, and so that it may be raised from either, or any side of the machine, and deposited on the stack at any other side, and wherever desired, substantially as described.*

* By some clerical error at the Patent Office, the higher number, 1870, came before the lower, 1869.

Second Claim : An elevator, or crane (when constructed as herein described) in combination with a device *for grasping hay, or other like products, and depositing it upon a stack substantially as described.*

The defendants put in an answer setting up various defences to the bill, but no proofs were taken in support of it, so that it need not be referred to more particularly. The complainant filed a replication to the answer.

When the cause was brought on for hearing no counsel appeared for the defendants. After proof of infringement, a decree was rendered for the complainant, affirming the validity of the patents and the infringement, and referring the cause to a master to take proofs of the gains and profits of the defendants for the use of the machines.

A good deal of testimony was taken before the master, on the subject of the gains and profits, counsel on both sides appearing before him. The master reported in favor of the complainant $1860. The counsel took one exception to the report, namely, that part of the allowance for profits against the defendants were for infringements of third persons. The court modified the report in this respect, and reduced the amount to $1500. A decree having been entered accordingly, the case was brought by the defendants here.

*Mr. Coburn, for the appellant,* contended:

1. That the court erred in affirming the validity of the *two* reissued patents.

2. That the machines of the defendants did not infringe the complainant's patents.

*Mr. Goodwin, contra.*

Mr. Justice NELSON delivered the opinion of the court.

An objection has been taken by counsel for the defendants that the court erred in affirming the validity of the two patents, Nos. 1869, 1870.

It may be, that if the improvements set forth in both specifications had been incorporated into one patent, the patentee

taking care to protect himself as to all his improvements by proper and several claims, it would have been sufficient. It is difficult, perhaps impossible, to lay down any general rule by which to determine when a given invention or improvements shall be embraced in one, two, or more patents. Some discretion must necessarily be left on this subject to the head of the Patent Office. It is often a nice and perplexing question. It is true, in the present case both patents relate to the lifting and depositing a load of hay in a mow of a barn, or in a rick or shed. But, in No. 1870, the lifter is somewhat differently constructed, so as to adapt it specially to the stacking of hay, which, doubtless, led the office to divide the improvements, and issue separate patents. The improvements were embraced in one, in the original patent.

The counsel also objects that the machines of the defendants do not infringe the complainant's patents, but, if he had intended to contest this point, he should have introduced proof to this effect. Proof of the infringements given, that the machines made and used by the defendants were substantially like the complainant's, was sufficient, if not rebutted. Models were also produced on the argument before the court, which confirm this proof.

DECREE AFFIRMED.