# IN RE FRASCH.

PATENTS; APPEALABLE ORDERS.

1. An order of the Commissioner of Patents denying a petition to reverse the order of the primary examiner requiring a division of petitioner's application for a patent in accordance with Rule 41 of the Patent Office, is not a denial of an application for a patent, but is merely an interlocutory order from which an appeal will not lie to this court.

2. On an appeal from an interlocutory order of the Commissioner of Patents, this court cannot consider the question whether Rule 41 of the Patent Office requiring a division of an application under certain circumstances, is inconsistent with the statutes providing for the grant of letters patent and therefore beyond the power of the Commissioner to make; but such question must come to this court as necessarily involved in a final decision of the Commissioner rejecting an application.

No. 201. Patent Appeals. Submitted May 15, 1902. Decided June 23, 1902.

HEARING on a motion by the Commissioner of Patents to dismiss an appeal from a decision rendered by him for want of jurisdiction in this court to entertain the appeal.

*Granted.*

The facts are sufficiently stated in the opinion.

*Mr. John M. Coit* for the motion.

*Mr. Charles J. Hedrick* opposed.

Mr. Justice SHEPARD delivered the opinion of the Court:

The proceeding in this case began with an application by Herman Frasch, filed November 13, 1899, for a patent for a process and apparatus for removing incrustation of calcium sulphate from brine-heating surfaces.

The application concludes with six claims, the first three of which are for the process, and the last three for a particular apparatus to be used in the application of the process.

The primary examiner, on December 16, 1899, notified the applicant that his specifications and claims presented two different subjects of invention, namely, process and apparatus, and, calling his attention to Rule 41 requiring division in such cases, stated that "'division on this line must be made before action upon the merits can be given."

Rule 41 reads as follows:

" 41. Two or more independent inventions cannot be claimed in one application; but where several distinct inventions are dependent upon each other and mutually contribute to produce a single result they may be claimed in one application.

" Claims for a machine and its product must be presented in separate applications.

" Claims for a machine and the process in the performance of which the machine is used must be presented in separate applications.

" Claims for a process and its product may be presented in the same application."

After hearing argument on behalf of the appellant, the examiner repeated the order for division, and notified the applicant that there was no appeal because there had been no

rejection of his application. He therefore declined to transmit the case to the examiners-in-chief as appealed from his decision, and called applicant's attention to his right of petition to the Commissioner of Patents under Rule 145, which authorizes the review by the Commissioner of any repeated ruling of an examiner — " which does not involve the merits of the invention claimed, or the rejection of a claim."

On December 19, 1901, applicant presented a petition to the Commissioner in which he recited the proceedings in the Office and the rulings of the examiner and prayed relief.

On January 23, 1902, the Commissioner rendered the following decision upon this petition:

" This is a petition from the action of the primary examiner requiring division in the above-entitled case and refusing to forward to the examiners-in-chief an appeal which has been filed.

" The application includes claims to a process and claims to an apparatus, and therefore the examiner properly required division and refused to act upon the merits of the claims until that requirement was complied with. The petitioner regarded this as a refusal of a patent to him and filed a request for reconsideration, which he calls a persistence in his claim, under section 4903 of the Revised Statutes, and upon a repetition of the requirement for division filed an appeal to the examiners-in-chief.

"A requirement for division is not an action upon the merits of the application, but is a mere matter of form, and therefore a party has no right to appeal to the examiners-in-chief from such a requirement. It is not a refusal of a patent or patents upon the alleged invention or inventions, but is a ruling that the application therefor has not been made in proper form. The requirement of division may be and often is made where all of the claims are admitted to be patentable. The objection is to the way in which the matter is presented and not to the matter itself. The examiner was right in refusing to forward the appeal. The petition is denied."

From that decision the appeal has been prosecuted. On behalf of the Commissioner, a motion has been entered to dismiss for want of jurisdiction in this court to entertain the appeal.

The motion to dismiss the appeal must be granted. The right to appeal to this court from a decision of the Commissioner of Patents is limited to two classes of cases: first, where an application for patent has been finally denied; and, second, where, in an interference proceeding, there has been a final determination of the question of priority of invention between adverse claimants. R. S., Secs. 4911, 4912, 4913, 4914; R. S. D. C., Sec. 780; act creating Court of Appeals, D. C.: approved February 9, 1893, Sec. 9.

There has been no denial of the application in this case. Its merits have not been considered. The examiner has declined to pass upon the application or to consider the allowance of the claims, because, in his opinion, he is bound by the terms of Rule 41 to demand a division of the application; that is to say, a separate application each for the process and for the apparatus embraced in the claims of the pending application. On petition against this ruling, the examiner has been sustained by the Commissioner. It is a mere interlocutory order from which, in either class of cases, there can be no appeal, for reasons which have been heretofore stated, and need not be repeated. *Westinghouse* v. *Duncan,* 2 App. D. C. 131, 134. Moreover, upon appeal from a final decision on the merits, it has been held that " the rulings on questions of mere practice in the Patent Office will not be reviewed in this court, unless it appear that there has been an abuse in the exercise of discretion, and that substantial rights have been thereby affected or denied." *In re Marschutz,* 13 App. D. C. 228, 236; *In re Neill,* 11 App. D. C. 584, 588.

The contention of the appellant is, that Rule 41 is inconsistent with the statutes providing for the grant of letters patent, and, therefore, beyond the power of the Commissioner of Patents to enact; wherefore its enforcement in this case has worked a practical denial of the application. That

such is the substantial or necessary result of the ruling we
cannot agree. We do not mean to say that there may not be
a way in which the power to enact Rule 41 might be brought
in question as necessarily involving the denial of a substantial
right under the law.

If there be such a way, however, it has not been pursued
in this proceeding. Whether the power exists presents a
question of great importance, both to applicants for patents
and to the Government, if for no other reason than the
doubling of fees which must necessarily result from its strict
enforcement. Nevertheless, the question is one of practice,
and to be determined by this court must come up, not on
appeal from an interlocutory order for the enforcement of
the rule, but as necessarily involved in a final decision of
the Commissioner rejecting an application for a patent, as
intimated in the cases last above cited.

Without intending to intimate any view in respect of the
authority for, or the expediency of the purpose of, the enact-
ment of Rule 41 by the Commissioner, it may be of some
interest to briefly state its history.

The rule, as it now reads, was adopted by Mr. Commis-
sioner Duell July 18, 1899. The change consisted in adding
to the rule as it then read, the three last paragraphs which
require separate applications for claims for a machine and
its product, for a machine and the process in the performance
of which it is used, and a single application for a process
and its product.

Under the general terms of the old Rule 41, the practice
of the Patent Office had varied from time to time under dif-
ferent administrations, and fallen into some confusion as
claimed by Mr. Commissioner Duell in a decision wherein he
set forth the reasons inducing him to amend the rule in the
particulars noted. *Ex parte Boucher,* 88 O. G. 545; C. D.,
1899, p. 133, decided July 11, 1899.

In that opinion he referred to the decision of the Supreme
Court of the United States which recognized the general dis-
cretion committed to the head of the Patent Office in the
matter of the division of applications (*Bennet* v. *Fowler,* 8

Wall. 445), as well as to the manner in which that discretion had been exercised by many preceding Commissioners.

In a later case he considered the subject again, at length, in justifying the amendment that had been made. *Ex parte Frasch,* 91 O. G. 459; C. D., 1900, p. 50.

In that opinion he cited several decisions of the Supreme Court of the United States, as sustaining his view that a process and an apparatus to be used in its application, are separate and distinct inventions.

Without pursuing the subject further, the appeal will be dismissed without prejudice, for the reasons given; and this decision and the proceedings herein will be certified to the Commissioner of Patents as required by law. It is so ordered.