## In re HAWKINS.

Court of Appeals of District of Columbia.
Submitted May 10, 1927.    Decided
May 26, 1927.

### No. 1953.

1. Patents ⬱36(1)—Application for patent for cigarette of crinkly-cut tobacco and of method for making it held to disclose invention.

An application for patent for cigarette to be filed with crinkly-cut tobacco and of method for making it *held* to disclose invention, warranting issuance of patent.

2. Patents ⬱119—Single invention may include both new process and product.

A single invention may include process and product, where both are new.

Appeal from Commissioner of Patents.

In the matter of the application of Wilford J. Hawkins for patent. From a decision of the Commissioner of Patents, rejecting the application, applicant appeals. Reversed in part, and affirmed in part.

J. T. Newton, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.    Appeal from a decision of the Patent Office rejecting claims Nos. 1, 2, 3, 5, 7, and 8 of an application for patent on a cigarette and the method of making it.    In our view, all claims except Nos. 2 and 8 may be eliminated from consideration, since those two claims sufficiently define the invention, as follows:

"2. The method of making cigarettes which consists in cutting tobacco to form crinkly shreds, and subsequently forming and wrapping filler containing said crinkly-cut shreds."

"8. A cigarette comprising a wrapper, and an assemblage within said wrapper, of shreds cut on crinkly lines from assembled tobacco leaves, separated, and differently assembled to form a fluffy filler."

[1] In his specification, applicant states that heretofore it has been customary to arrange a mass of tobacco leaves in superposed condition and then slice from the mass a series of straight shreds by means of a reciprocating knife having a flat surface and a straight edge, the mass being advanced about one-sixteenth of an inch between knife reciprocations, so that shreds of that width are produced.    Applicant has discovered that a saving of more than 10 per centum of the tobacco filler or shreds heretofore required, and an improved draft may be effected by making the cigarette of a wrapped filler containing crinkly shreds of tobacco.    He says: "Crinkly shreds, as used herein, means shreds having inherent bends or wrinkles. Such a cigarette may be produced by first cutting tobacco to form crinkly shreds, and subsequently forming filler containing such shreds and wrapping said filler, either simultaneously as in making cigarettes of the continuous rod type, or consecutively as in making individual cigarettes."

Applicant's knife, according to his specification, "differs from the flat-surfaced and straight-edged knives heretofore used to shred tobacco.    It is shown at 12 (the drawing) as having not a flat surface and a straight edge, but a serrated surface and edge."

Applicant was the first to practice this method and the first to produce a cigarette made "of shreds cut on crinkly lines from assembled tobacco leaves."    The position of the Patent Office is that all tobacco leaves, either fresh or cured, are by nature curved or crinkled.    But, conceding this to be measurably true, we think it apparent that tobacco prepared by applicant's method—that is, cut with a knife having a serrated surface and edge—will be quite different in structure from that cut with a straight knife as heretofore.    Tobacco cut on straight lines tends to remain in parallel layers, while crinkly-cut tobacco naturally will tend to maintain the shreds in a fluffy condition.    We therefore think that the term "crinkly-cut" distinguishes applicant's shreds from the shreds of the ordinary cigarette.    This term originated with him and should be given a meaning in harmony with his disclosure. Rajah Auto Supply Co. v. Belvidere, Screw & Machine Co. (C. C. A.) 275 F. 761.

[2] That a single invention may include process and product, where both are new, is familiar law.    Merrill v. Yeomans, 94 U. S. 568, 24 L. Ed. 235; Miller v. Eagle, 151 U. S. 186, 14 S. Ct. 310, 38 L. Ed. 121.    Being of the view that applicant has produced both a new method and product, we think he is entitled to adequate protection.    The decision is reversed as to claims Nos. 2 and 8, and affirmed as to claims 1, 3, 5, and 7.

Reversed as to claims 2 and 8.

Affirmed as to claims 1, 3, 5, and 7.