## In re ARMBRUSTER.

Patent Appeal No. 2529.

Court of Customs and Patent Appeals.
March 25, 1931.

Harry A. Beimes, of St. Louis, Mo., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This is an appeal from the decision of the Board of Appeals, rejecting claims 20, 21, 22, 23, 24, and 25 of appellant's applica-

tion for patent upon a process for building and constructing concrete walls. On the hearing before this court, appellant abandoned his said claim 23. The claims were rejected on a number of references, the ones relied upon, however, by the Board of Appeals, being Rau, 518,076, April 10, 1894, McNamee, 645,325, March 13, 1900, and Smith, 1,402,906, January 10, 1922. Claim 20 is typical of the rejected claims, and reads as follows:

"20. The method of wall construction which consists in erecting a series of standards in spaced relation longitudinally of the wall, said standards being of a width to correspond with the thickness of the finished wall and having flanges extending in the direction of the wall, tying said standards together with tie rods, or the equivalent thereof, extending longitudinally between the standards, and filling the spaces between the standards with concrete, or other suitable wall filling material, so as to incorporate said standards into the wall with the outer faces of the flanges flush with the wall surface."

The alleged invention of appellant is a process for constructing concrete walls, which consists in erecting a row of standards which are of the ordinary I-beam construction, the exterior surfaces of the flanges of which are to become a part of the outside of the wall, said standards being connected by longitudinal tie rods. The wall is formed by means of mold boards which are clamped to the exterior faces of the flanges of the standards, and which thus make forms into which the concrete is poured. The wall, when completed, consists of monolithic blocks of cement separated by the standards, the flanges of which are flush with the surface of the wall.

We are of opinion the references cited fully anticipate the disclosure of appellant.

Rau shows standards of similar construction with mold boards attached thereto by clasps and sliding bars, into which concrete is poured. It also discloses connecting rods placed in a diagonal fashion between the standards. McNamee shows a construction of standards and longitudinal connecting rods. Smith shows mold boards held by clamps, which clamps operate on substantially the same principle as those of the appellant.

If the various elements which go to make up appellant's disclosure are found in the references, even though a part may be taken from one and another part from another, if no new and useful result is obtained and if there be no invention, the disclosure is anticipated. This has been held to be the law in process, as well as in device patents. In re Nissen, 36 F. (2d) 434, 17 C. C. P. A. 749; In re Mond, 16 App. D. C. 351; In re Droop, 30 App. D. C. 334; In re Harris, 37 App. D. C. 374.

The appellant claims the references do not anticipate his disclosure in the feature that the walls resulting from the use of the various devices described in the references, particularly that of Rau, will not have a smooth finish, in which the exterior surfaces of the flanges of the standards are flush with the concrete structure. A rough surface will result, he argues, because of the depressions in the concrete caused by the clasps and sliding bars of Rau. The Board of Appeals states, as to this matter, that the appellant has made no specific claim for this feature. From an inspection of his claims, this appears to be true. In any event, Smith's method of attachment would make no such depressions.

The decision of the Board of Appeals is affirmed.

Affirmed.