## In re WELLMAN.
### Patent Appeal No. 2682.

Court of Customs and Patent Appeals.
April 22, 1931.

Roberts, Cushman & Woodberry, of Boston, Mass. (Arlon V. Cushman, of Washington, D. C., and Robert Cushman and Robert C. Child, both of Boston, Mass., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed an application for patent on improvements in lined receptacles, and the art of making the same. Twenty-three claims were filed, claims 1 to 11 being for a process, and claims 12 to 23 being for a product. The Examiner cited certain references as bearing upon the subject-matter of the method claims, and required a division between the process and product claims. Thereupon, under rule 41 of the United States Patent Office, the appellant elected to prosecute his process claims, 1 to 11, inclusive, and to retain the remaining claims in the case with the privilege of appealing from the requirement of division after final action by the Examiner on the group of claims prosecuted, as was provided by said rule. Thereafter, the Examiner allowed claims 1 to 11, inclusive, and the matter was taken to the Board of Appeals as to the correctness of the order for division.

The Examiner held, in effect, that the product claims described an article which might be made by some other process than that described in the process claims, and that,

therefore, different inventions were involved in the process and product claims. In this connection the Examiner suggested that the box could be made by using a separate mandrel for the lining and for the cover.

The inventor Wellman filed an affidavit in the Patent Office, under rule 138 of the Rules of Practice of said office, in which affidavit the affiant states, in effect, that in a commercial way the making of containers, such as is involved in his product claims, is impracticable if the work is done by hand, and that speed and machine operations are required. He further states: "I do not know how to proceed to make by hand or machine a receptacle corresponding to claim 14, for instance, without practicing the manipulative steps of the method of one or more of claims 1 to 11." He further states that, if there is any other way of making his product except by the method described in his application, he is not informed of what it is. He adds: "Nevertheless many different machines might be resorted to to practice my new method or make my new product."

The Board of Appeals of the United States Patent Office affirmed the action of the Examiner in requiring division. In its decision the Board mentioned the fact that the requirement of division should be affirmed in order to preserve the Office classification, and this holding of the Board is complained of by appellant in this case. However, the Board did not base its decision upon this matter, but held that the product might be made by other processes than those described in claims 1 to 11 of appellant's claims, and that, therefore, the division was properly required.

Claims 1 and 12 are given as typical of the two classes of claims involved:

"1. Art of making lined receptacles comprising wrapping and fastening together about a mandrel or form a blank for a lining of suitable material to make a bag; making a box to support and protect the bag in use by bending and sealing a blank of suitable stiff material on and about the bag and mandrel; and thereafter removing the bag and box from the mandrel."

"12. Packaging, storing or shipping receptacle comprising a lining continuous except for a sealed overlapped seam, and a stiff cover having an overlapped seam, the cover seam and lining seam respectively lying in contact with an integrally continuous area of said lining and cover."

Rule 41 of the Rules of the United States Patent Office originally provided as follows:

"41. Two or more independent inventions cannot be claimed in one application; but where several distinct inventions are dependent upon each other and mutually contribute to produce a single result, they may be claimed in one application.

"Claims for a machine and its product must be presented in separate applications.

"Claims for a machine and the process in the performance of which the machine is used must be presented in separate applications.

"Claims for a process and its product may be presented in the same application."

In Steinmetz v. Allen, 192 U. S. 543, 24 S. Ct. 416, 422, 48 L. Ed. 555, this rule came to the attention of the Supreme Court and was found to be invalid.

The court, in passing upon the particular matter involved in that case, quoted from Robinson on Patents, vol. II, § 473, to the effect that a process cannot be "joined with the apparatus that performs it, nor either of these with the product in which they result, unless they are to such an extent inseparable that the existence of some one of them is dependent upon that of the others." The court gave expression to the view that the Patent Office was vested with a discretion in requiring divisions, but that such discretion was not unlimited and was reviewable. The court further quoted, with approval from James v. Campbell, 104 U. S. 356, 26 L. Ed. 786, the following language: "Where a new process produces a new substance, the invention of the process is the same as the invention of the substance, and a patent for the one may be reissued so as to include both, as was done in the case of Goodyear's vulcanized rubber patent. But a process, and a machine for applying the process are not necessarily one and the same invention." Other authorities to the same effect as Steinmetz v. Allen, supra, are Mosler Safe & Lock Co. v. Mosler, B. & Co., 127 U. S. 354, 361, 8 S. Ct. 1148, 32 L. Ed. 182; In re Hawkins, 57 App. D. C. 262, 20 F.(2d) 278; Wirebounds Patents Co. v. Saranac, etc. (C. C. A.) 37 F.(2d) 830; In re Isherwood, 46 App. D. C. 507; In re Butler, 37 F.(2d) 623, 17 C. C. P. A. 810.

In Union Paper-Bag Mach. Co. v. Waterbury et al. (C. C.) 39 F. 389, an applicant filed certain claims for a reissue. In his original application, the applicant filed claims for a paper bag of a certain kind, irrespective of the process of making the same; these were rejected on the prior art by the Office, and the applicant amended his application by inserting process claims which went to patent. On his application for reissue, certain claims for the bag were rejected, it being held that he had originally waived the right to such a claim by acquiescing in the decision of the Patent Office. The principle to be deduced from that case is that a broad claim, such as was made in that case, describes a different invention from that set forth in the process claims, and the applicant, if he desires the benefit of product and process claims in the same patent, must so claim his product that it is apparent that it is the production of the process also claimed.

Claims 12 to 23, inclusive, are for a product, without defining in any way the process by which they may be made. It has been well said that such products might be made by hand or by separate mandrels. Not only is this true, but the whole field of mechanical art would be foreclosed, if such a patent were issued, from making such a container, and the applicant would be in exclusive possession of the field. He is entitled to the benefits of his invention, but no more, and that invention consists in making containers of a certain kind, in a certain way.

Whether the appellant will be met, as urged at length in his brief, in the tribunals of the Patent Office, with the objection of double patenting, in the future, is a matter not now before us. Nor is the matter of a possibility of the bar of the statutory limit of two years being raised against appellant in the future, a matter which we can now consider. However, it may be said that the appellant was put to his election in the Patent Office, and could have filed his divisional application during the statutory period, if he had so desired.

The affidavit of Wellman, filed in the Patent Office, does not help the situation. The fact that he knows of no other way to make the container in question is not proof that it cannot be so made.

The decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, concurs in the conclusion.