## In re HAWKINS.
### Patent Appeal No. 2927.

Court of Customs and Patent Appeals.
April 4, 1932.

Sydney I. Prescott, of New York City (George S. Hastings, of Brooklyn, N. Y., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Primary Examiner, requiring a division as between allowed claims 10, 11, and 12, and claims 13 and 14 of appellant's application, filed May 2, 1928. Said claims 13 and 14 were not passed upon as to their merits by either of the Patent Office tribunals, but the requirement for division was technically a final rejection of such claims, and therefore we have jurisdiction to entertain this appeal. In re Rundell, 55 F.(2d) 450, 452, 19 C. C. P. A. ——.

Claims 12, 13, and 14 represent the issue before us and read as follows:

"12. A metallic product, comprising a metallic body provided with an undercoat of lead containing approximately 4.5% of zinc, and approximately .5% of aluminum, and with a supercoat of lead containing approximately 2% of phosphor-tin and approximately .1% of lead phosphide.

"13. An alloy comprising lead containing approximately 4.5% of zinc and approximately .5% of aluminum.

"14. An alloy comprising lead containing approximately 2% of phosphor-tin and approximately .1% of lead phosphide."

The application relates to a noncorrosive alloy and method of making and using the same. Claims 10 and 11 relate to a method of applying a noncorrosive and acid-proof protecting coating to metal, two of the elements of which are the specific elements named in said claims 13 and 14.

Claim 12, above quoted, specifically includes all of the elements of claims 13 and 14. Claims 13 and 14, as will be observed, relate to two specific alloys per se of the combinations mentioned in these claims.

The alloys named in these claims are indispensable elements of all the allowed claims, without which it is clear the allowed claims would not be patentable. To illustrate, if we omit from allowed claim 12 the elements named in claims 13 and 14, it would call for a metallic product comprising a metallic body.

It is therefore clear that the patentability of the allowed claims is dependent upon the elements named in claims 13 and 14, although, of course, it was not required that said elements in themselves be patentable in order to warrant the allowance of claims 10, 11 and 12.

We are of the opinion that the question here involved is controlled by our decision in the case of In re Rundell, supra. In that case the majority opinion quoted from the opinion in the case of Gill v. Wells, 22 Wall. 1, 24, 22 L. Ed. 699, as follows:

"Cases arise where a patentee, having invented a new and useful combination consisting of several ingredients which in combination compose an organized machine, also claims to have invented new and useful combinations of fewer numbers of the ingredients, and in such cases the law is well settled that if the several combinations are new and useful, and will severally produce new and useful results, the inventor is entitled to a patent for the several combinations, provided that he complies with the requirement of the Patent Act and files in the Patent Office a written description of each of the alleged new and useful combinations, and of the manner of making, constructing, and using the same.

"He may give the description of the several combinations in one specification, and in that event he can secure the full benefit of the exclusive right to each of the several inventions by separate claims referring back to the description in the specification; and if by inadvertence, accident, or mistake, he should fail to claim any one of the described combinations, he may surrender the original patent and have a reissue not only for the combination or combinations claimed in the original, but for any which were so omitted in the claims of the original patent."

In the case at bar, claim 12 is for a combination containing specifically all of the elements of claims 13 and 14. Claims 13 and 14 are for a combination of elements resulting in alloys. They are essentially subcombinations of the combination set out in claim 12.

In the case of Leeds & Catlin Co. v. Victor Talking Machine Co., 213 U. S. 301, 29 S. Ct. 495, 500, 53 L. Ed. 805, the court said:

"A combination is a union of elements, which may be partly old and partly new, or wholly old or wholly new. But, whether new or old, the combination is a means—an invention—distinct from them. They, if new, may be inventions and the proper subjects of patents, or they may be covered by claims in the same patent with the combination."

The case of In re Rundell, supra, involved certain combination claims for a device for successively heating plastic caps for bottles and applying these caps to the bottles, and also specific claims for a crimping device for plastic bottle caps. Division was required by the Patent Office tribunals upon the ground that crimping dies or heads were in themselves a subject of invention, separate and independent of the system or combination in which they were used as an element.

This court held that the inventions there involved were so corelated and in unity that the appellant there was entitled to have all the claims considered in his original application, and that the Patent Office tribunals erred in requiring a division of the claims.

In the case at bar, the specific elements of claims 13 and 14 are specifically named in the allowed claims, and such elements were absolutely essential to their allowance.

It is our opinion, therefore, that the alleged inventions set forth in claims 13 and 14 are so related to the invention set forth in the allowed claims that the Board of Appeals erred in requiring division between them.

While these claims are before us as technically rejected by the Patent Office tribunals, they have never in fact been considered by those tribunals upon their merits, and the record before us is not sufficient to enable us to do so. The ends of justice require that the proper Patent Office tribunals pass upon said claims 13 and 14 as if no order for division had been made, and for that purpose the matter will be remanded to them.

The decision of the Board of Appeals is reversed, and the case is remanded to the United States Patent Office for further proceedings in conformity with the views herein expressed.

Reversed and remanded.