## In re PEDERSEN.

### Patent Appeal No. 3355.

*Court of Customs and Patent Appeals.*
Dec. 10, 1934.

Sydney I. Prescott, of New York City (George S. Hastings, of Brooklyn, N. Y., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, requiring division between claims 1 to 6, inclusive, of appellant's application, which are drawn to a cigar enveloping machine, and claims 12 to 18, inclusive, which are drawn in part to a process of enveloping a cigar, and in part to the cigar envelope as formed by the process.

Claim 1 is illustrative of the allowed claims, and reads as follows: "(1) In a cigar enveloping machine, the combination with a support for a cigar encircled by an envelop, of means for closing the ends of the envelop into the form of a closed vertical web, and cooperating male and female folding dies arranged at each end of the support to engage the closed vertical web to flatten it out horizontally."

Claim 12 is illustrative of the process claims, and reads as follows: "(12) The process of enveloping a cigar in an envelop, which comprises supporting a cigar encircled by an envelop having its ends projecting beyond the ends of the cigar, closing the ends of the envelop into the form of a closed vertical web, and flattening out said web horizontally."

Claim 16 is illustrative of the product claims, and reads as follows: "(16) A cigar envelop having a body portion of generally tubular shape and closed ends, said ends being closed by shaping them into the form of a closed vertical web and flattening out said web horizontally."

While the Examiner apparently regarded the process and product claims as being so closely related as not to require division between them, he held that such claims embraced a distinct and separate invention from the invention embraced in the apparatus claims, holding that the process claimed was capable of being carried out by hand or upon other machines, and that the product claimed was capable of being produced by hand or by other machines. It appears that thereafter appellant elected to prosecute the apparatus claims, reserving his right to appeal from the requirement of division.

Appellant petitioned the Commissioner of Patents to direct the Examiner to examine said process and product claims upon their merits as to patentability thereof. This petition was denied by the Commissioner.

Thereafter appellant appealed to the Board of Appeals from the decision of the Examiner requiring division. The Board affirmed the decision of the Examiner, and thereupon appellant took an appeal to this court.

The Board in its decision agreed with the Examiner that the processes and products defined in the claims before us do not require use of the apparatus defined in the allowed apparatus claims.

It is appellant's contention that the apparatus and process and product claims are so closely related that the Patent Office tribunals erred in requiring a division between the apparatus claims on the one hand and the process and product claims upon the other.

That an order requiring division is an order appealable to this court is well settled, and there is no contention to the contrary.

We have had occasion to consider the propriety of orders requiring division of claims in an application in five cases, to wit: In re Butler, 37 F.(2d) 623, 17 C. C. P. A. (Patents) 810; In re Wellman, 48 F.(2d) 926, 18 C. C. P. A. (Patents) 1214; In re Rundell, 55 F.(2d) 450, 19 C. C. P. A. (Patents) 932; In re Hawkins, 57 F.(2d) 367, 19 C. C. P. A. (Patents) 1104; and In re Ferenci, 68 F.(2d) 737, 738, 21 C. C. P. A. (Patents) 856.

In the case of In re Butler, supra, we held that a division was properly required between claims for an automobile piston on the one hand and claims for a mold for casting such piston and claims for the method of making it upon the other.

In the case of In re Wellman, supra, we affirmed a decision of the Patent Office tribunals requiring division between claims for a process of making a lined receptacle and

claims for the receptacle itself; it appearing that the receptacle might be made by hand or by other machines.

In the case of In re Rundell, supra, we reversed a decision of the Patent Office tribunals requiring a division between certain apparatus claims. We there held that the inventions involved were so corelated and in unity that the requirement for division was improper.

In the case of In re Hawkins, supra, we reversed a decision of the Board of Appeals, affirming a decision of the Examiner, requiring division between certain method and product claims upon the one hand and certain other product claims upon the other. We there held that the claims affected by the requirement for division were subcombinations of the allowed product claims, and so related to them that the order for division was improper.

In the case of In re Ferenci, supra, we affirmed a decision of the Board of Appeals holding that a requirement for division between certain product claims and certain process claims was proper. In said case the court, speaking through Judge Garrett, said:

"The right to include both process and product claims in a single application is so well settled as to require no citation of authorities in its support. The doing of this is now a matter of every day practice in the issuance of patents, and in the case of [U. S. ex rel.] Steinmetz v. Allen, 192 U. S. 543, 24 S. Ct. 416, 48 L. Ed. 555, the Supreme Court of the United States held invalid a rule of the Patent Office which was found unduly to restrict the joinder in one application of related inventions.

"However, all authorities examined, many of them being noted and some reviewed, in our cases cited, supra, are uniform in holding that there must be such a co-relation between the claims as to limit them to a single inventive act, and if different claims cover different inventive acts, division is proper.

"Determination of the degree of co-relation essential to justify the joinder of process and product claims in a single application is not always easy.

"The case of In re Richter, 53 F.(2d) 525, 527, 19 C. C. P. A. (Patents) 756, 758, contains the following statement:

" 'While there may be instances in which a product may be patentable where the method of its production is not, and vice versa, nevertheless we regard it as sound law to hold that where, as seems to be the case here, the process claimed will produce only the product claimed, and the claimed product can only be produced by the claimed process, the process not being patentable, the product cannot be. In such a case, they are so interrelated as that there is not that independence between them which renders the product patentable if the process is not patentable.'

"While we had not there any question of division of claims involved, it is thought that, from the language quoted, some aid in determining the issue here may be derived.

"Both the examiner and the Board of Appeals, in their respective opinions, have pointed out that the package of appellant may be produced by other than his process, and have specified other methods—such, for instance, as by hand, or by different machines in various ways, and, even if it be conceded that the process claimed would produce only the product claimed, the reverse of this, viz., that only appellant's particular claimed process would produce the claimed product, is not true.

"Such being the case, we are of the opinion that the product claims cover a different inventive act from that covered by the method claims, and agree with the Board of Appeals that division was properly required."

It seems to us that, in principle, the case last cited controls our decision in the case at bar, and the decision of the Board of Appeals herein should be affirmed.

It seems clear that the determination of the patentability of the apparatus claims in appellant's application does not necessarily determine the patentability of his process and product claims. His apparatus claims may embody an invention, while his process and product claims may not. If the process claims are not dependent upon the apparatus described and claimed in the application, but may be performed by hand or upon other machines, it would seem that two distinct inventions would be involved if the process claims are patentable. This observation may also be made as to the product claims.

However, even though distinct inventions may be involved, they may be so closely related that a requirement for division would be improper, as we held in Ex parte Rundell, supra.

The Supreme Court of the United States has recognized that no hard and fixed rule can be declared for the determination of what are related inventions. In the case of U. S. ex rel. Steinmetz v. Allen, 192 U. S.

543, 24 S. Ct. 416, 421, 48 L. Ed. 555, the court held invalid a rule of the Patent Office requiring claims for a machine and a process, and claims for a machine and a product, to be made in separate applications in all cases. The court quoted with approval from the opinion in the case of Bennett v. Fowler, 8 Wall. 445, 19 L. Ed. 431, as follows: "It may be that if the improvements set forth in both specifications had been incorporated into one patent, the patentee taking care to protect himself as to all his improvements by proper and several claims, it would have been sufficient. It is difficult, perhaps impossible, to lay down any general rule by which to determine when a given invention or improvements shall be embraced in one, two, or more patents. Some discretion must necessarily be left on this subject to the head of the Patent Office. It is often a nice and perplexing question."

Following the above quotation the court said:

"Some discretion is not an unlimited discretion, and if the discretion be not unlimited it is reviewable. In other words, the statute gives the right to join inventions in one application in cases where the inventions are related, and it cannot be denied by a hard and fixed rule which prevents such joinder in all cases. Such a rule is not the exercise of discretion; it is a determination not to hear. No inventor can reach the point of invoking the discretion of the Patent Office. He is notified in advance that he will not be heard, no matter what he might be able to show. His right is denied, therefore, not regulated. Such is the necessary effect of rule 41, as amended.

"Without that rule the action of the Patent Office can be accommodated to the character of inventions, and discretion can be exercised, and when exercised, we may say in passing, except in cases of clear abuse, the courts will not review it. But the rule as amended, as we have said, precludes the exercise of any judgment, and compels the separation of claims for a process and claims for its apparatus, however related or connected they may be. * * *"

As we construe the above-quoted language of the Supreme Court, we would not be warranted in reversing the decision of the Patent Office tribunals in requiring division of appellant's application unless there was an abuse of discretion upon their part in determining that the inventions here involved are not so closely related that division would be improper.

Upon the record before us, we cannot find that there was any such abuse of discretion. If the process and product claims, or any of them, are patentable per se, and a separate patent should issue therefor, we have no doubt that such patent would be sustained by the courts, irrespective of the issue of a separate patent upon appellant's apparatus claims.

The decision of the Board of Appeals is affirmed.

Affirmed.