37 C.C.P.A.(Patents)

### Application of FEIGHT.

### Patent Appeal No. 5675.

United States Court of Customs and Patent Appeals.

Argued Jan. 12, 1950.

Decided April 3, 1950.

Harker H. Hittson, Columbus, Ohio, for appellant.

E. L. Reynolds, Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in his requirement for division between (I) claims 2 and 3 and (II) claims 8–12, 18, and 19 in appellant's application for a patent on a rotary garbage grinder. Claims 2 and 3 are directed to a one-piece grinder housing, and the claims of the second group are drawn to a one-piece grinder rotor.

The remaining claims of the application, Nos. 1, 4–7, and 13–17, were rejected as drawn to an old combination of a housing and a grinder rotor. Appellant did not appeal from that rejection and states that his failure to take such an appeal was deliberate. The tribunals of the Patent Office also held that these claims, which are here classified as Group III, could be included and prosecuted, as appellant elected, with either of the two specific groups of claims as to which division was required.

Appellant petitioned the board requesting a rehearing and reconsideration of its decision. The board reconsidered its decision, but denied the petition with respect to making any change in the original decision rendered by the board.

The references relied upon are: Green, 664,851, Jan. 1, 1901; Martin, 1,574,436, Feb. 23, 1926; Liggett, 1,694,423, Dec. 11, 1928; Stevenson, 2,339,961, Jan. 25, 1944.

Appellant in the single application here involved applied for a patent for alleged new and useful improvements in a garbage grinder having a rotor of specific construction encased in a specific type of frame or housing. In view of the issue presented, the structure defined by the following illustrative claims is sufficiently descriptive of appellant's device and the elements thereof for the purpose of this appeal.

Claim 2 is illustrative of Group I and reads as follows: "2. A one-piece main frame for a grinder including a portion providing a reducing chamber open on opposite sides, which openings are adapted to be closed by separate end plates, said one-piece frame also providing feed and discharge chutes for said chamber, the latter also acting as a pedestal to support the main frame, and a laterally extending motor supporting platform formed as an intergral [sic] part of said one-piece frame."

Claim 8 is illustrative of Group II and reads as follows: "8. A one-piece grinder rotor including a shaft, means providing bearing receiving portions adjacent opposite ends of said shaft, spaced disc end plates formed integral with said shaft between said bearing receiving portions and having a diameter substantially equal to the maximum diameter of said rotor, and integral swing hammer supporting discs formed between said end plates having lesser diameter than said end plates."

Claim 1 is illustrative of Group III and reads as follows "1. A grinder including a grinder housing main frame including a one-piece member providing a grinder reducing chamber, feed and discharge chutes and a laterally extending motor supporting platform, a material reducing rotor within said reducing chamber, removable end plates for said reducing chamber, bearings carried by said end plate for supporting opposite sides of said rotor, and a driving motor for said rotor mounted on said supporting platform and connected to drive said rotor."

The art of record includes patents which, as mentioned by the examiner, were cited merely to show recognition by those working in the art of a distinct status, on the basis of independent inventions, with respect to grinder housings, as defined by claims 2 and 3 in Group I, and grinder rotors, as defined by the claims of Group II, and to show that the claimed combination of a housing and a rotor is old in the art, as disclosed by the patent to Stevenson.

The references were cited to show also that the claims of Groups I and II are examinable in the Patent Office in different subclasses of Class 241 and each group requires a separate and distinct search. Since no question has been raised as to the disclosures of the references, it is deemed unnecessary to discuss them further.

There is no question that in applications where division has been required on

the ground that the case presented a plurality of inventions, the question of division had to be settled first. Ex parte Weston, 1911 C.D. 218. Moreover, appellant admits, in effect, that the mere presence in his application of the combination defined by the claims of Group III does not preclude the requirement for division between the claims of Group I and Group II. See In re Freeman, 104 F.2d 187, 26 C.C.P.A., Patents, 1265.

Appellant asserts that he wants recognition of his right to elect and prosecute the claims drawn to the combination defined by the claims of Group III, in accordance with the provisions of rule 142, 35 U.S.C.A.Appendix, promulgated March 1, 1949, and former rule 42 of the Rules of Practice of the United States Patent Office, 35 U.S.C.A.Appendix, Rule 142 reads as follows: 142. "Requirement for division. (a) If two or more inventions are claimed in a single application, and they are of such a nature that a single patent may not be issued to cover them, the applicant will be required to limit the claims to whichever invention he may elect, this official action being called a requirement for division. If the divisibility of the inventions be clear, such requirement will be made before any other action on the merits; however, it may be made at any time before final action in the case, at the discretion of the examiner. (b) Claims to the invention or inventions not elected, if not cancelled, are nevertheless withdrawn from further consideration by the examiner by the election, subject however to reinstatement in the event the requirement for division is withdrawn or overruled."

Appellant's position is that in making a requirement for division of the type hereinbefore described, the Patent Office has denied his fundamental right, conferred upon him by rule 142 and former rule 42 of the Rules of Practice of the United States Patent Office, to limit his claims, where several inventions are claimed in a single application, to whichever invention he may elect. Appellant alleges this is particularly true where, as here, "it is specifically ruled" that the claims of Group III are indivisible from the claims of either Group I or Group II, as to which division was required.

Appellant contends further that the issue presented precludes him from taking an appeal on the merits from the rejection of the claims of Group III, as drawn to an old combination, without completely eliminating the possibility of an adjudication of the only issue which is of significance to him, namely, that the examiner was without authority to make such rejection because the patentability of the claims in Group III was not an issue in determining the propriety of the requirement for division.

It is noted that the requirement for division hereinbefore described between less than all of the claims in appellant's application was approved by the Examiner of Classification subject to the non-allowance of the alleged combination claims of the type embodied in Group III. As to the practice with respect to those claims, he pointed out: "Claims of the type of claims 1, 4–7, 13–17 must be examined with the elected group, and should one or more claims of this type be later allowed, the question of rejoinder must be considered."

Since some doubt has been raised as to just what appellant would have the court do relative to the requirement for division here in issue, the following excerpt from his brief is deemed to summarize his final position: "It is therefore respectfully submitted that in a situation such as here exists, where the combination claims are specifically held to be *indivisible from* the claims of one or both elements it is to the interest of all, in avoidance of piecemeal prosecution, in avoidance of serious prejudice to appellant's rights, that the Examiner act on the merits of all indivisible claims until a clear-cut line of division is reached and division can be required which will afford an applicant the right to elect any claim or group of claims which is present in the application. (Italics quoted.)"

Inasmuch as the housing defined by the claims of Group I may be used with numerous types of rotors, and the rotor defined by claims of Group II may be used with various types of housings, and since both elements are capable of use otherwise

than in the combination of which they were intended to be a part, there appears to be no reasonable doubt that two distinct and independent inventions of such a nature are claimed in a single application that a single patent may not be issued to cover them.

The claims of Group III were variously identified by appellant during the prosecution of his application in the Patent Office as "connecting" or "tie-in" claims which defined an alleged mutual contribution made in the complete combination by the claims of Groups I and II. Appellant did not there insist that the claims of Group III obviously constituted a third and independent invention, namely, a patentable combination of elements, although he cited authority to the effect that in a proper case such a combination may constitute a third invention independent of the specific elements.

The attitude of the Patent Office with respect to the claims of Group III was that they did not define appellant's invention and have no bearing on the question of divisibility because they were improper in form and could not be used to tie Groups I and II together. The Patent Office therefore declined to require division as between the claims of either or both Groups I and II and the claims of Group III. The rule there applied was stated, so far as pertinent, in the case of Ex parte Donnell, 1923 C.D. 54, to the following effect: "If claims are presented to a combination and also to one of the elements thereof and the Examiner is of the opinion that the invention, if any, in view of the prior art, is in the element alone, he should not require division. So long as he holds the combination claims unpatentable because for an old or exhausted combination such claim must be deemed as merely cast in an improper form and not a claim for an invention different and divisible from the element claimed."

■ There is no statutory provision which relates to the requirement for division. It is clear, however, that in the enactment of section 4886 of the Revised Statutes, 35 U.S.C.A. § 31, Congress intended that a patent should be limited to a single invention or to closely related and dependent inventions. Steinmetz v. Allen, 192 U.S. 543, 24 S.Ct. 416, 48 L.Ed. 555; Ex parte Weston, supra.

■ The Commissioner of Patents has been authorized by section 483 of the Revised Statutes to make rules for the conduct of the business of his office and this court would not be warranted in reversing a decision requiring division of claims in appellant's application, unless an abuse of discretion on the part of the tribunals of the Patent Office were disclosed. In re Pedersen, 73 F.2d 928, 22 C.C.P.A., Patents, 788; No situation of that kind has been here presented.

Had appellant limited the claims of his application to the combination defined by the claims of Group III, no objection could have been made to that procedure. It is not clear, therefore, in what respect there was any serious prejudice to appellant's rights by the privilege which the tribunals of the Patent Office extended to him of including the claims for the combination together with other claims to one of the respective elements of the combination.

■ In cases where an applicant presented claims for an invalid combination together with claims for elements divisible on the ground that they were for distinct and independent inventions, the practice originally prevailed of rejecting the combination claims preliminary to a requirement for division. See Ex parte Carter, 1889 C.D. 100; Ex parte Feucht, 1899 C.D. 178. That practice was modified later only to the extent of holding it was unnecessary on the part of the Patent Office to make a final determination regarding the validity of the claimed combination preliminary to the requirement for division. Ex parte Mansfield and Hayes, 1902 C.D. 94. See also In re Trier et al., 163 F.2d 575, 35 C.C.P.A., Patents, 701.

■ Appellant's position before this court has been appraised and properly criticized by the Solicitor for the Patent Office to the following effect:

"The appellant's position, therefore, amounts to this: that an applicant may include claims to a number of independent

210

inventions in a single application and, by also including one or more claims, however improper, which recite all of those inventions may compel the Patent Office to act upon the merits of all his claims. The mere statement of this proposition seems sufficient to show its unsoundness since, if it were accepted, it would be possible for an applicant to obtain an examination of an unlimited number of independent inventions for a single fee, by including in his application a claim which cataloged all of them."

In view of the conclusions hereinbefore expressed, it is deemed unnecessary to discuss other points argued by counsel for appellant and the Solicitor for the Patent Office. The decision of the Board of Appeals is accordingly affirmed.

Affirmed.