Ernest F. Mechlin, Washington, D. C. (George F. Vaia, Washington, D. C. of counsel) for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel) for Commissioner of Patents.

37 C.C.P.A. (Patents)
### Application of MULHOLLAND.

### No. 5672.

United States Court of Customs and Patent Appeals

April 3, 1950.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 1–5, in appellant's application for a patent for alleged improvements in a method of surfacing rolls, more particularly rubber or rubber coated rolls of the character generally used in the textile and printing industries.

The references relied upon are:

| | | | |
|---|---|---|---|
| Fraser | 1,828,530 | Oct. | 20, 1931 |
| Swanson | 1,974,696 | Sept. | 25, 1934 |
| Silven | 2,117,917 | May | 17, 1938 |

The claims were rejected by the examiner not only as unpatentable over the prior art but also as improper method claims. The board agreed with the examiner as to the first ground of rejection but reversed him as to the second. Accordingly, the only issue before the court is whether the rejected claims are patentable over the prior art.

Claim 1 is illustrative and reads as follows:

"1. A method of surfacing a roll comprising mounting said roll in spaced bearings, rotating said roll as a predetermined rate, causing said roll to approach an abrasive roll mounted in bearings arranged parallel to said first named bearings, said abrasive roll having a length at least equal to the length of said other roll, rotating said abrasive roll at a predetermined speed, and finally causing the surfaces of said rolls to contact under a predetermined pressure until said first named roll surface contour is caused to conform to the surface contour of the abrasive roll."

Appellant filed no drawings with his application. A machine comprising various structural elements is required however in carrying out the steps of the claimed method. With respect thereto, the Board of Appeals made the following observation:

"* * * In the method the roll to be ground is mounted on spaced bearings and is rotated at such a rate that the surface moves from 10 to 30 feet per minute. The roll is caused to approach a rotating abrasive roll mounted in bearings and arranged parallel to the bearings of the work roll. The speed of the abrasive roll is stated in the application to be such that its surface moves at from 500 feet per minute to 2500 feet per minute. The abrasive roll has a length at least equal to the length of the work roll and the surfaces of the rolls are brought together by causing the work roll to approach the abrasive roll. It is contended that by this method a very accurate surface is imparted to the roll which adapts it for special purposes in the textile and printing industries."

Appellant asserts in his brief that by carrying out the method defined in the specification and claims of his application, a rubber or rubber coated roll will have a true cylindrical surface of revolution about the axis of rotation of the roll, and that—

"* * * in the grinding of rubber rolls of the character to which this invention is directed, by an abrasive member which contacts the surface of the rubber roll along an area parallel to the axis of rotation of such roll, predetermined speed of rotation and predetermined pressures are absolutely essential since without such determination the end result will be either the destruction of such rubber surface or the inability to cut the rubber surface in the requisite and essential manner."

The appealed claims are not limited to a rubber or rubber coated roll and only claim 3 refers to a resilient roll. The board noted that all of the claims are broadly drawn and define no steps which necessarily would produce the clear cut result referred to in appellant's application. The examiner also criticized the limitations of the claims which called for predetermined rates of rotation, predetermined speed, and predetermined pressure. Such terms, he stated, fail to define any particular conditions; and that if such conditions are critical, they should have been defined precisely by the limitations of the claims.

Each of the reference patents was issued for a machine wherein a work roll to be ground and thereby surfaced is mounted for rotation at a predetermined rate of speed so that a relative feed between an abrading roll and a work roll will take place at a predetermined pressure when the feed is uniform in rate.

The patent to Fraser relates to a machine for grinding cylindrical surfaces; the patent to Swanson relates to a machine for grinding resilient rolls, more particularly the peripheries of rubber covered rolls, such as wringer rolls in which it is desirable to grind the entire rubber surface; and the patent to Silven relates to an automatic machine for grinding cylindrical work pieces and is somewhat similar in structure to the structure of the patent to Fraser. Silven shows, among other things, that it is old in the art to provide a

mechanism for use in achieving a uniform feed rate.

The Primary Examiner rejected claims 1, 2, 4, and 5 as unpatentable over the disclosure of Fraser, Swanson, or Silven, and claim 3 as unpatentable over the disclosure of Swanson. The examiner discussed each of the references in detail.

The board discussed the disclosure of the patent to Fraser as exemplary of the prior art but also mentioned that feature of the patent to Swanson which Swanson used for the expressed purpose of surfacing a resilient roll.

The patent to Fraser, among other things, discloses that a work roll, which is a bushing whose outer surface must be finished very accurately with reference to the inner surface, is mounted in an automatic grinding machine on spaced bearings or work supporting members described in Fraser's specification and illustrated in his drawings. The two supporting members firmly engage the work roll and then rapidly rotate it, after the grinding wheel, or abrasive roll, mounted for movement to and from the work roll, is brought into contact with the work roll, whereby its outer surface is ground to the desired diameter.

The board pointed out that the work roll disclosed by Fraser is presumably made of metal, which may not be as resilient as a rubber roll, but that the work roll disclosed in the patent to Swanson includes a resilient roll for use in a method such as that disclosed in the patent to Fraser.

The board held that the work holding members of the patent to Fraser are driven by power and are rotated therefore at a predetermined rate of speed; that the adjustments of the speed of rolls to produce the desired fineness and accuracy of surfaces are but matters of degree; that Fraser discloses mechanism for moving the abrasive roll mounted in bearings arranged parallel to the bearings of the work roll so as to move the abrasive roll in the direction of the work roll, thus causing the latter to approach the work roll; and that, in any event, it would not involve invention to move the work roll instead of moving the abrasive roll, particularly since appellant has shown no special advantage in moving the one instead of the other.

■ Appellant does not dispute that a patent for a machine may be utilized as a reference to anticipate a claimed method. He contends, however, that before a patent for a machine can be employed as a reference to anticipate the method claimed, such reference must of necessity teach or disclose the claimed method.

■ The import of appellant's argument on the point in question appears to be that under the authorities, a patent defining the structure of a machine may not be used as a reference against a method claim, if recourse must be had to other references for modifications of structure to show unpatentability over the prior art. Such is not the law. This court, citing decisions of this and other courts, properly pointed out in the case of In re Armbruster, 47 F.2d 815, 816, 17 C.C.P.A., Patents, 1039, that—

"If the various elements which go to make up appellant's disclosure are found in the references, even though a part may be taken from one and another part from another, if no new and useful result is obtained and if there be no invention, the disclosure is anticipated. This has been held to be the law in process, as well as in device patents. * * *"

■ A patent may be issued for a combination of old elements when the faculty of invention has been exercised in combining them to produce a new and useful result. In re Stover, 146 F.2d 299, 32 C.C.P.A., Patents, 823. The record here clearly does not indicate that the method defined by the involved claims will produce a result different from that of the art of record or that invention was present in doing the thing that appellant has done.

In view of that conclusion, it is deemed unnecessary to discuss other points presented in the briefs of counsel for appellant and the Solicitor for the Patent Office. The decision of the Board of Appeals is accordingly affirmed.

Affirmed.