38 C.C.P.A. (Patents)

## In re LARKIN.
### No. 5764.

United States Court of Customs and Patent Appeals.
Feb. 27, 1951.

646

Spencer, Johnston, Cook & Root and Lloyd C. Root, all of Chicago, Ill. (Richard G. Radue, Washington, D. C., and Richard L. Johnston, Chicago, Ill., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON and WORLEY, Judges.

O'CONNELL, Judge.

The record discloses that this appeal was taken from the decision of the Board of Appeals of the United States Patent Office affirming that of the examiner rejecting claims 1–9, 12–20, and 24, 26 and 27 of appellant's application for a patent on alleged new and useful improvements in a heat exchanger, together with the machine for and the method of making the heat exchanger, which is used, by way of example, for refrigeration apparatus.

Claims 1, 20, and 24 are illustrative. They read as follows:

"1. A heat exchanger having a surface and a conduit on said surface, said conduit comprising a hat-shaped body portion having outwardly extending attaching legs directly secured to said surface, the legs being spaced a predetermined distance apart.

"20. A device for applying an open-sided strip of conduit material having a bulging body with attaching legs, and comprising a rotary mounted welder, a backing element cooperating with the welder, a table for supporting a container to which the conduit material is to be welded, means for rotating the welder to perform a continuous material, and means for raising the table simultaneously with the operation of the welder, said container being rotated during the raising and welding operation whereby the conduit material is helically welded to the container.

"24. The method of making a heat exchanger by winding helically a fluid conduit about a container, which method consists in feeding a strip of opensided conduit material having integral spaced side attaching flanges continuously to the container with the open side toward the container and the legs in contact with the container, rotating the container during the

feeding operation, moving the container vertically during the feeding and rotating operation, and simultaneously welding both legs of the conduit respectively directly to the container during rotation and vertical movement of the container."

No claims were allowed. Division was required with respect to the claims for the heat exchanger, the machine for making it, and the method of making the heat exchanger.

▆▆▆ Three patents to Brown were relied upon by the examiner to demonstrate that the three groups of claims had acquired independent status in the art and were separately classified in the Patent Office:

Brown, Jr.  2,261,137  Nov. 4, 1941
Brown, Jr.  2,298,249  Oct. 6, 1942
Brown, Jr.  2,298,250  Oct. 6, 1942

The first part of the patents to Brown claims a heat exchanger, classified in class 257, subclass 262; the second claims an apparatus for welding fins to the exterior of metal tubes for use as heat exchange conduits, separately classified in class 219, subclass 4; and the third claims a method of welding fins to metal tubes for use as heat exchange conduits, classified in class 219, subclass 10.

The examiner correctly pointed out that the claimed heat exchanger can be made by other methods and gave an example thereof; and he further stated, without denial at the time by appellant, that the claimed machine is not necessary to the production of the heat exchanger or the practice of the method. Claims 1–9, directed to the heat exchanger, and claims 19 and 20, directed to a welding machine for making the heat exchanger, were accordingly rejected by the examiner on grounds involving misjoinder of inventions.

Since the respective groups of claims refer to different classes of inventions, which involve different questions as to patentability and necessitate separate and distinct searches in the Patent Office, and since appellant has failed to show such correlation and dependence between the separate groups of claims as to limit them to a single inventive act, the Board of Appeals under well established authority,[1] properly sustained the examiner's requirement for division.

The elected claims, 12–18, 24, 26 and 27, directed to the method of making the heat exchanger, were rejected for lack of patentability over the following prior art:

| | | |
|---|---|---|
| Willmann | 969,018 | Aug. 30, 1910 |
| Clough (British) | 266,030 | Feb. 10, 1927 |
| Spalding (British) | 386,272 | Jan. 12, 1933 |
| Morseth | 1,909,704 | May 16, 1933 |
| Schryber | 2,344,790 | Mar. 21, 1944 |

Appellant correctly points out in his brief that it is not necessary to discuss each of the method claims separately and that:

" * * * In general, the method claims define the method of making a heat exchanger wherein an open sided conduit material having integral spaced side attaching flanges is fed continuously to the walls of a container, with the flanges in contact with the container wall. The method then requires the container to be rotated during the continuous feeding of the conduit and to be moved vertically simultaneously with the rotation, so that the conduit is wound helically around the sides of the container. The final step of the method requires the welding of both flanges of the conduit to the walls of the container during the rotation and vertical movement of the container."

The principal reference is the patent to Willmann. The secondary references, which relate generally to conventional machines or apparatus for making helically constructed metallic tubing, or to methods for producing ribbed piping by winding a ribbon helically upon a piping, were not discussed by the board in detail and need not be so discussed here.

1. In re Ferenci, 68 F.2d 737, 21 C.C.P.A., Patents, 856; In re Shoemaker, 83 F. 2d 288, 23 C.C.P.A., Patents, 1033; In re Coulter, 155 F.2d 271, 33 C.C.P.A., Patents, 1088; In re Feight, 181 F.2d 206, 37 C.C.P.A., Patents, 990.

The patent to Willmann relates to apparatus whereby soured milk or culture medium may be pasturized and cooled. The patent discloses a container having a conduit wound or coiled helically around the sides thereof: said conduit being formed of open sided material, having a dome shape, and outwardly extending legs or flanges along each side. Adjacent flanges of adjacent coils of the conduit overlap each other, and both legs of each coil of the conduit are not in contact with the sides of the container.

The method of making certain parts of the apparatus is distinctly disclosed by Willmann and certain steps of method are thereby described. One form of his invention shows a double coil consisting of two tubes which are "coiled helically" and arranged in alternate relation to insure uniform exposure of the wall of the container either to the heating or the cooling medium. The edges of each strip or segment "are out-turned to form securing flanges which may be readily soldered or otherwise properly secured to the exterior surface of the wall of the central chamber." The patent discloses that only one tube instead of two may be provided.

Willmann does not specifically disclose the particular step of winding a helix, by "moving the structure vertically during the application of the strip to the structure to form a continuous helix" as called for by limitations in appellant's claims. There must be relative movement between the strip and the surface to make such a helix. Each of four references, however, discloses such relative movement between the workpiece and the welding means; Morseth, Schryber, Clough, and Spalding. It was the examiner's view that the position of appellant's structure relative to the horizon, vertical, horizontal, or otherwise, was immaterial since no new or unobvious results were shown to have been accomplished thereby, particularly over the disclosure of the horizontal movement disclosed by Morseth or Schryber.

With further respect to the manner in which the conduit may be applied to the container, the winding of one tube with spaced flanges, and the welding of both flanges at the same time to the walls of the container, as called for by the appealed claims, was not regarded as involving patentable subject matter in view of the cited references.

The tribunals of the Patent Office considered that Willmann disclosed substantially the same heat exchanger that is disclosed by appellant and that no new or unobvious results were accomplished by the difference in the winding and welding claimed by appellant. The examiner conceded that Morseth and Schryber weld only one edge of the strip to the wall, or the welding only of a single line, whereas appellant discloses the welding along two lines simultaneously. However, the welding of both flanges at the same time is old as shown in Clough or Spalding and no new or unobvious result was accomplished by this feature upon which appellant so heavily relies for patentability.

Appellant has shown no manifest error on the part of the Patent Office with respect to its various holdings. The fact that no single reference discloses all of the steps of the claimed method does not disqualify those references as a basis for the rejection of the claims where there is no invention, as here, in combining the steps or functions of an apparatus appropriated from or suggested by the cited patents.[2]

For the reasons stated, the decision of the Board of Appeals should be and hereby is affirmed.

Affirmed.

2. In re Mulholland, 181 F.2d 249, 37 C. C.P.A., Patents, 983; In re Kuhn et al., 150 F.2d 145, 32 C.C.P.A., Patents, 1110; In re Ernst, 150 F.2d 133, 32 C. C.P.A., Patents, 1106; In re Ackenbach, 45 F.2d 437, 18 C.C.P.A., Patents, 769.